NO. 12689

IN THE SUPREME COURT OF THE STATE OF MONTANA

1974

_____

EDWIN BEIERLE AND AGNES BEIERLE,

Plaintiffs and Appellants,

-vs-

ROBERT A. TAYLOR and WANDA K. TAYLOR,
UNITED AGENCIES AND FIRST NATIONAL BANK,

Defendants and Respondents.

_____

Appeal from: District Court of the Eighteenth Judicial District,
Honorable W. W. Lessley, Judge presiding.

Counsel of Record:

For Appellants:

Allen L. McAlear argued, Bozeman, Montana

For Respondents:

Berg, Angel, Andriolo & Morgan, Bozeman, Montana
Gregory O. Morgan argued, Bozeman, Montana

_____

Submitted: May 20, 1974

Decided: JUL 17 1974

Filed: JUL 17 1974

Thomas J. Kearney
                                    Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

This is an action by the buyers for rescission of a purchase contract on a motel. The district court of Gallatin County granted summary judgment against the buyers, dismissing their complaint. Buyers appeal.

Plaintiffs are Edwin and Agnes Beierle, husband and wife, who bought the Trail-In Motel in West Yellowstone, Montana. Defendants are the sellers, Robert A. Taylor and Wanda K. Taylor, his wife; the real estate agent, United Agencies; and the financing institution, the First National Bank of Bozeman.

Early in 1973 plaintiff Edwin Beierle was contemplating retirement. He was looking for a business he could acquire and make a living. He contacted United who showed him several business properties.

The Beierles indicated an interest in the Trail-In Motel. United compiled and made available to them a brochure containing a description of the motel; a cost appraisal of the property; an unaudited gross income and expense statement for the years 1969, 1970 and 1971; and, an analysis of projected income and expense.

The gross income and expense statements showed net operating losses of approximately $5,000 in 1969; $6,800 in 1970; and $4,600 in 1971.

The analysis of projected income and expense was based on a substantial increase in motel rates, a year-round motel operation by the owners, and an estimated future occupancy rate. The previous motel operation had been essentially a three month summer operation by an absentee owner.

Several conversations were held between Jack Rosenthal of United and the Beierles. The failure of the motel to make money and the reasons for this were discussed. Rosenthal told Edwin Beierle that he would not be able to make it without outside work for a couple of years until the motel business was built up. The net operating loss statements were not discussed but were available

at the discussion. Copies were not furnished the Beierles.

The Beierles personally inspected the motel property. The asking price was $125,000.

Eventually Beierles purchased the motel property at this price, transferring their equity in their home in Three Forks and $4,000 cash to the sellers and signing an installment promissory note for the balance, secured by a trust indenture. Beierles took possession of the motel on May 1, 1973 and have continued to operate it since that time. They have made no monthly installment payments on the note.

After the Beierles' default, the entire balance of the note was declared payable. A notice of sale of the motel property was served on the Beierles. Thereafter, Beierles served notice of rescission of the purchase contract followed by a complaint seeking rescission.

The complaint states two grounds for rescission (1) fraudulent misrepresentation of the income-producing capability of the motel and (2) partial failure of consideration arising from nondelivery to Beierles of a bill of sale on the motel furnishings.

Issue was joined by denial of misrepresentation and a cross-claim for possession and sale of the motel property. Plaintiffs moved for jury trial. Discovery depositions were taken of Edwin Beierle and Jack Rosenthal. Defendants moved for summary judgment.

The district court granted summary judgment to defendants on two grounds: (1) the alleged representations were opinion, not fact, and (2) no damage resulted from sellers' failure to deliver a bill of sale on the motel furnishings. The district court denied as moot plaintiffs' request for jury trial.

Two issues are presented for review: (1) Was summary judgment proper? (2) If not, are plaintiffs entitled to a jury trial?

Rule 56(c), M.R.Civ.P., provides that summary judgment is proper if:

> "* * * the pleadings, depositions, answers to interroga-
> tories, and admissions on file show that there is no
> genuine issue as to any material fact and that the moving

party is entitled to a judgment as a matter of law."

The burden of establishing the absence of any issue of material fact is on the moving party. Home Insurance Company v. Pinski Brothers, Inc., ____Mont._____, 500 P..2d 945, 29 St.Rep. 705; Gilleard v. Draine, 159 Mont. 167, 171, 496 P.2d 83. But where the record discloses no genuine issue of material fact, the party opposing the motion must present substantial evidence raising such issue. Roope v. The Anaconda Co., 159 Mont. 28, 32, 494 P.2d 922; Flansberg v. Mont. Power Co., 154 Mont. 53, 58, 460 P.2d 263.

The buyers' principal claim of misrepresentation is founded on the projected income figures contained in the brochure. The complaint states:

> " * * * Defendants falsely and fraudulently represented to Plaintiffs that said property so exchanged was capable of producing an income of Twenty Seven Thousand Six Hundred Forty-eight Dollars * * *." (Emphasis added.)

"Capable" suggests an expression of opinion rather than a statement of fact. Only under unusual circumstances, not present here, can projected future income be considered a fact. Ordinarily future income is but an estimate, subject to the vagaries of the marketplace. It is an opinion, not a guarantee.

A mere expression of opinion, however erroneous, will not warrant rescission of a contract. Buhler v. Loftus, 53 Mont. 546, 555, 165 P. 601; F.B. Connelly Co., v. Schlueter Bros., 69 Mont. 65, 220 P. 103; Ray v. Divers, 72 Mont. 513, 517, 234 P. 246. Although exceptions to this rule exist, none is germane here. Buyers were presented gross income figures for three years which indicated the projected future income was not based on past performance. Buyers were furnished the details of the computation.

Lincoln v. Keene, 51 Wash.2d 171, 316 P.2d 899, 901, states the controlling law here:

> " * * * any statement * * * as to what appellant's future income from the motel would be * * * was a matter of opinion and cannot be the basis of an action for fraud."

- 4 -

For a case substantially similar on its facts to the instant case where rescission was denied under claims of fraudulent misrepresentations of future motel income, see Miller v. Protrka, 193 Ore. 585, 238 P.2d 753.

The Beierles seek rescission on the additional ground that sellers' failure to supply a bill of sale for the motel furnishings constituted a partial failure of consideration. Sellers admit the furnishings were a part of the transaction and that a bill of sale was promised. Beierles have had exclusive possession of the furnishings since they took possession of the motel on May 1, 1973. The failure of sellers to supply a bill of sale here has resulted in no damage.

Section 13-903, R.C.M. 1947, permits rescission:

"If, through the fault of the party as to whom he rescinds, the consideration for his obligation fails, in whole or in part".

Under this statute, this Court has denied rescission to a buyer who purchased goods from one who did not have title, until the buyer was disturbed in his possession. Courtney v. Gordon, 74 Mont. 408, 417, 241 P. 233. "'Courts of equity, like courts of law, however, do not concern themselves with wrongs which do not produce injury.'" Mason v. Madson, 90 Mont. 489, 500, 4 P.2d 475; Stillwell v. Rankin, 55 Mont. 130, 134, 174 P. 186. Damage is necessary to support a claim for rescission.

Sonnek v. Universal C.I.T. Credit Corp., 140 Mont. 503, 374 P.2d 105 is distinguishable. Failure to transfer title to an automobile automatically damages the buyer because without the title the vehicle cannot be registered and licensed for its intended use on public highways.

Absent damage, as here, rescission will not lie for partial failure of consideration.

Our decision on the first issue precludes consideration of the second.

Judgment ▓ affirmed.

_Frank I. Haswell_
Justice.

We concur:

_____
Chief Justice

_Wesley Castles_

_Gene B. Daly_

_John Conway Harrison_
Justices.