No. 12989

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

----

JOHN E. FULTON, HAROLD C.
SCHWARTZ and DELOIT R. WOLFE,

Plaintiffs and Respondents,

-vs-

SPENCE CLARK and JAMES A. COLLIER,

Defendants and Appellants.

----

Appeal from: District Court of the Fourth Judicial District,
Honorable E. Gardner Brownlee, Judge presiding.

Counsel of Record:

For Appellants:

Tipp and Hoven, Missoula, Montana
Vernon Hoven appeared, Missoula, Montana
Frederick S. Prince, Jr. argued, Salt Lake City, Utah

For Respondents:

Garlington, Lohn & Robinson, Missoula, Montana
Lawrence F. Daly argued, and Sherman V. Lohn,
appeared, Missoula, Montana

----

Submitted: June 23, 1975

Decided: AUG 6 1975

Filed: AUG 6 1975

*Thomas J. Kearney*
Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

Defendant General Partners appeal from a summary judgment granted plaintiff Limited Partners in an action for declaratory judgment. The district court of Missoula County held that the General Partners are not entitled as a matter of law to a $60,000 fee for services rendered in renovating and improving the Holiday Village Shopping Center. The district court granted a personal judgment in favor of the Limited Partners against one of the General Partners, Spence Clark.

Plaintiffs John F. Fulton, Harold C. Schwartz and Deloit R. Wolfe entered into a limited partnership agreement on April 1, 1968, with General Partners Spence Clark and James A. Collier, doing business as Financial Management Service, covering operation of the Holiday Village Shopping Center in Missoula, Montana. The briefs indicate that Spence Clark has since succeeded to the interest of James A. Collier.

Under the terms of the limited partnership agreement, the General Partners were responsible for the management of the shopping center; the Limited Partners had no right to participate in the management of the business.

The General Partners received a 5% capital interest as consideration for the assumption of the responsibilities of managing and operating the partnership properties and the liability assumed. All losses in excess of the capital accounts of the limited partnership were the sole liability of the General Partners. In addition, Paragraph 11(a) of the limited partnership agreement provides:

> "* * * The General Partners shall receive a reasonable management fee for services actually rendered by them * * *."

During the life of the partnership Clark paid himself an annual management fee equaling 5% of the gross proceeds of the partnership properties. These payments are not in dispute.

- 2 -

In 1971, Clark determined the gross and net rentals of the business could be substantially increased by building a new store in the shopping center for Albertson's grocery and leasing the old Albertson's space to Skagg's Drug Center. From 1971 through 1973, Clark worked at putting this plan into effect. He negotiated new leases with Albertson's and Skagg's; supervised and coordinated the design and construction of the new facilities; refinanced the existing first mortgage; and, obtained financing for the new construction project. Clark's efforts resulted in increasing the gross rentals from $1,685,000 to $2,700,000.

As compensation for these services performed from 1971 through 1973, Clark paid himself a management fee of $60,000. This fee was in addition to the fee of 5% of the partnership's gross proceeds which he charged annually for normal management duties.

Plaintiffs objected to the $60,000 fee and filed a complaint for declaratory judgment asking the district court to construe the terms of the limited partnership agreement and to order Clark to return the $60,000. Plaintiffs claimed the defendant's course of conduct since 1968 of charging only a 5% management fee limited the fee that could be charged to 5% of the gross rentals.

Defendant answered by claiming that all fees received were reasonable for services actually rendered and that there was no agreement oral or written, express or implied, limiting the management fees to 5% of the gross rentals.

On December 30, 1974, the district court granted plaintiffs summary judgment, finding that Clark was not entitled to a fee for services rendered relating to long term renovation and improvement of the Holiday Village Shopping Center. The judgment is a personal judgment in favor of plaintiffs against Clark.

The controlling issue on appeal is whether or not summary judgment for plaintiffs was error. We hold it was, vacate the judgment, and remand to the district court for trial.

Rule 56(c), M.R.Civ.P., states that summary judgment shall be rendered only if:

"* * * the pleadings, depositions, answers to interrogatories, and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

The question to be decided on a motion for summary judgment is whether there is a genuine issue of material fact and not how that issue should be determined; the hearing on the motion is not a trial. Matteucci's Super Save v. Hustad Corp., 158 Mont. 311, 491 P.2d 705.

The party moving for summary judgment has the burden of establishing the absence of any issue of material fact. Beierle v. Taylor, 164 Mont. 436, 524 P.2d 783, 31 St. Rep. 554.

In Kober & Kyriss v. Stewart, 148 Mont. 117, 121, 417 P.2d 476, this Court cited 6 Moore's Federal Practice, Para. 56.15[3]:

"'The courts hold the movant to a strict standard. To satisfy his burden the movant must make a showing that is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact.

"'Since it is not the function of the trial court to adjudicate genuine factual issues at the hearing on the motion for summary judgment, in ruling on the motion all inferences of fact from the proofs proffered at the hearing must be drawn against the movant and in favor of the party opposing the motion. And the papers supporting movant's position are closely scrutinized, while the opposing papers are indulgently treated, in determining whether the movant has satisfied his burden.'"

If there is any doubt as to the propriety of a motion for summary judgment, it should be denied. Kober & Kyriss v. Stewart, supra.

The only way the district court could properly grant summary judgment to the plaintiffs here is by determining that the agreement on its face prohibits the $60,000 fee as a matter of law. Any other basis outside the four corners of the agreement document, involves disputed questions of fact precluding summary judgment.

- 4 -

The intent of the parties to prohibit such payment must be determined from the written agreement alone, if possible. Section 13-705, R.C.M. 1947. If the language of the agreement is clear and explicit the language must govern its interpretation. Section 13-704, R.C.M. 1947. A plain reading reveals the agreement gives the General Partners a 5% capital interest as consideration for assuming the responsibilities of managing and operating the business and assuming liability beyond that of the Limited Partners. In addition to this 5% capital interest Paragraph 11(a) of the agreement provides:

> "The General Partners shall receive a reasonable management fee for servides actually rendered by them * * *."

In district court plaintiffs claimed (1) an executed oral agreement and (2) the defendant's course of conduct since 1968 of charging only a 5% management fee modified the agreement and prohibited the $60,000 fee.

On appeal plaintiff's argue that the reasonable management fee set forth in Paragraph 11(a) of the limited partnership agreement is limited to routine management services and does not apply to long term developmental services.

There is no distinction in the terms of the agreement between services for long range renovation and improvement and day to day routine management services. To determine if the agreement precludes management fees for long range services, the district court must inquire as to the conduct of the parties and as to the existence and substance of the alleged oral agreement. Whether there was an executed oral agreement, as well as whether the conduct of the parties modified the written agreement, are material questions of fact bearing on the intent of the parties. The court while considering the motion for summary judgment cannot go outside the agreement to determine the intent of the contracting parties as this involves disputed questions of

- 5 -

material fact.  Summary judgment is usually inappropriate where the intent of the contracting parties is an important consideration.  Kober & Kyriss v. Stewart, supra; 6 Moore's Federal Practice, Para. 56.17[41.-1].

Plaintiffs have not met their burden of establishing the absence of any issue of material fact.  Their arguments clearly show that genuine factual issues do exist.

We do not here decide where the merits of this controversy lie, nor which parties should ultimately prevail.  We simply hold that a trial is necessary to resolve disputed issues of fact.

The summary judgment is vacated and set aside.  The cause is remanded to the district court for trial.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices.

- 6 -