No. 12835

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

LOULA RICKARD,

Plaintiff and Appellant,

-vs-

GEORGE PARADIS, JAMES OLIND &
WILLIAM McGUIRE,

Defendants and Respondents

---

WILLIAM N. CHURCHILL,

Plaintiff and Appellant,

-vs-

GEORGE PARADIS, JAMES OLIND &
WILLIAM McGUIRE,

Defendants and Respondents.

---

Appeal from: District Court of the Fifth Judicial District,
Honorable Frank E. Blair, Judge presiding.

Counsel of Record:

For Appellants:

Burgess, Joyce, Prothero, Whelan and O'Leary,
Butte, Montana
Thomas F. Joyce argued and Francis C. Burgess
appeared, Butte, Montana

For Respondents:

Small, Cummins, Hatch & Gregory Jackson, Helena,
Montana
Gregory Jackson argued, Helena, Montana

---

Submitted: May 5, 1975

Decided: AUG 11 1975

Filed: AUG 11 1975

Thomas J. Kearney
Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

Plaintiffs appeal from summary judgments awarded defendants in companion cases by the district court of Jefferson County. The sole issue is whether the summary judgments should have been granted.

Plaintiff in each action sought damages against defendants for alleged negligence of a peace officer acting within the scope of his employment in firing a gun and wounding each plaintiff while attempting to quell a melee that erupted in Whitehall, Montana on July 23, 1972, following a rodeo. Plaintiff Loula Rickard, a 64 year old grandmother, was walking home after visiting a local bar where several members of her family had been performing musical selections; she was hit by a bullet which entered her left shoulder and exited from her chin. Plaintiff William N. Churchill, a 20 year old carpenter, was observing the general disturbance from a point nearby when he was struck by a bullet in the left side of his face which lodged in his right jaw.

The original complaints named six defendants: the town of Whitehall, a municipal corporation; William McGuire and Topper Giono, town marshals; George Paradis, Jefferson County sheriff; and James Olind and Harold DeMers, deputy sheriffs. Motions for summary judgment in each suit were filed separately by the county officers on the one hand, and the town of Whitehall and its marshals on the other. The district court granted the motions for summary judgment by the county officers. Subsequently, plaintiffs dismissed their complaints against the town of Whitehall and Giono, one of its marshals. The other town marshal, McGuire remains a defendant.

Plaintiffs perfected this appeal against the summary judgments awarded Sheriff Paradis and Deputy Olind. The two suits by Rickard and Churchill, respectively, have never been consolidated,

although they were argued together on appeal and present the same basic issue.

Rule 56(c), M.R.Civ.P., provides that summary judgment should be rendered if:

" * * * the pleadings, depositions, answers to interrogatories, and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.* * *"

The party moving for summary judgment has the burden of establishing the absence of any issue of material fact. Fulton v. Clark, ____Mont.____, ____P.2d____, 32 St.Rep. 808; Beierle v. Taylor, 164 Mont. 436, 524 P.2d 783, 31 St.Rep. 554. Where the record discloses no genuine issue as to any material fact, the burden is upon the party opposing summary judgment to present evidence of a material and substantial nature raising a genuine issue of fact. Roope v. The Anaconda Co., 159 Mont. 28, 494 P.2d 922; Flansberg v. Montana Power Company, 154 Mont. 53, 460 P.2d 263.

We affirm the summary judgment granted to defendants Olind and Paradis in the Churchill suit by applying these principles. Churchill's action for damages against them is bottomed on his claim that Deputy Olind negligently and carelessly wounded him with his revolver. Sheriff Paradis' liability is vicarious, based on Olind's conduct; there was no contention the sheriff personally discharged a firearm and wounded Churchill.

An FBI laboratory ballistics report is attached to Sheriff Paradis' deposition. This report indicates that the bullet removed from Churchill's jaw was fired from a Colt revolver. The depositions of Sheriff Kenneth Cunningham of Butte and Deputy Olind show that Deputy Olind was carrying a .357 Smith & Wesson pistol. This evidence is unrebutted. There is no evidence to the contrary. Churchill failed to present any evidence of a material and substantial nature raising a genuine issue of fact as to whether

- 3 -

Olind wounded him. Thus Sheriff Paradis and Deputy Olind
are entitled to judgment as a matter of law in this action.

In the Rickard suit, plaintiff contends that there is
a genuine issue of material fact as to whether Deputy Olind shot
plaintiff. Neither the cartridge case nor the bullet that
wounded Rickard was ever found so no ballistics tests could be
made to establish whose weapon wounded her. In our view the de-
positions furnish some support for Rickard's claim that Deputy
Olind fired the gun that wounded her. On summary judgment the
question to be decided is whether there is a genuine issue of
material fact, not how such issue should be determined. Fulton
v. Clark, supra; Matteucci's Super Save v. Hustad Corp., 158
Mont. 311, 491 P.2d 705.

Defendants Paradis and Olind contend the question of
whether Deputy Olind wounded Rickard is not a material question
because they are entitled to judgment as a matter of law on the
basis of sovereign immunity. We note that the claim arose prior
to July 1, 1973, the effective date of abolition of sovereign
immunity under the 1972 Montana Constitution.

Defendants misconstrue the rule of sovereign immunity.
It applies exclusively to the liability of the state or other
governmental subdivision. Prosser, Law of Torts, 4th Ed., p. 970.
It is based on the principle that to allow a suit against a rul-
ing government without its consent negates the principle of supreme
executive power in the state. Prosser, Law of Torts, 4th Ed., p.
971. The policy considerations behind it are said to be the ab-
surdity of a wrong committed by an entire people; the idea that
whatever the state does must be lawful; that an agent of the state
is always outside the scope of his authority where he commits a
wrongful act; a reluctance to divert public funds to compensate
for private injuries; and the inconvenience and embarrassment to

- 4 -

the state.  Prosser, Law of Torts, 4th Ed., p. 975.

The qualified immunity of public officers from liability for torts committed in the performance of their duties is a separate principle.  It involves the personal liability of such officers, not the liability of the governmental entity they serve. The basis for such qualified immunity rests on different policy considerations.  Its purpose is not to protect public officers from the consequences of their wrongful acts, but to facilitate the proper operation of government by protecting public officers in the discharge of their duties where they act honestly and in good faith.  Prosser, Law of Torts, 4th Ed., p. 989 and cases listed in Footnote 96.

Here Rickard is not seeking to impose liability on the county or the state for the conduct of the deputy sheriff.  Neither the state nor the county is named as a defendant.  Accordingly sovereign immunity is not involved.

What is involved is the personal liability of Deputy Olind and Sheriff Paradis for alleged negligent conduct in performance of their duties as public peace officers.  Rickard seeks to recover damages from them personally for an alleged tortious act. Genuine issues of material fact exist concerning such questions as (1) whether Deputy Olind fired the pistol that wounded Rickard; if so, (2) whether such action was reasonable under the circumstances; (3) whether his actions were done in a good faith attempt to bring the melee under control, and similar issues requiring determination by the trier of the facts.  Such genuine issues of material fact preclude summary judgment.

Accordingly, summary judgment as to Rickard is set aside and the case remanded to the district court for trial.  We express no opinion on the merits of this controversy, nor which party should ultimately prevail.

The summary judgment in favor of defendants Olind and Paradis in the Churchill case is affirmed.

_____
                              Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

- 6 -