No. 13119

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

---

GERALD R. HARLAND,

Plaintiff and Appellant,

-vs-

ROY ANDERSON and LOTTIE ANDERSON,
husband and wife, and ANDERSON
RANCH CO., a corporation, and the
STATE OF MONTANA,

Defendants and Respondents.

---

Appeal from: District Court of the Eighth Judicial District,
Honorable R. J. Nelson, Judge presiding.

Counsel of Record:

For Appellant:

Cure, Borer and Lynch, Great Falls, Montana
Edward W. Borer argued, Great Falls, Montana .

For Respondents:

Graybill, Ostrem, Warner & Crotty, Great Falls,
Montana
Donald L. Ostrem argued, Great Falls, Montana

---

Submitted: March 1, 1976

Decided: APR 9 - 1976

Filed: APR 9 - 1976

Thomas J. Kearney
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Plaintiff Gerald R. Harland appeals from a summary judgment granted on two of three counts in a complaint filed in the district court, Cascade County, seeking to establish an easement across property owned by defendants Roy Anderson and Lottie Anderson, husband and wife, and Anderson Ranch Co. (hereinafter referred to as Andersons). The complaint set forth three counts: Count I, seeking to establish an easement by prescription. Count II, alleging damages for wrongful interference. Count III, requesting a road or right of way be condemned over defendants' land for plaintiff's use. On motion of Andersons proceedings on Count III were stayed, pending the determination of Counts I and II.

The action was commenced January 25, 1972. Andersons answered and took depositions from Harland and one Clifford Obrecht, Harland's predecessor in interest. On the basis of these two depositions and Andersons' answers to interrogatories, Andersons moved for summary judgment which was denied. Thereafter, Andersons secured the depositions of three other individuals whose testimony could allegedly demonstrate the long and continued use of a road leading to Harland's property. The property was viewed by the presiding judge and counsel for both parties. Andersons renewed their motion for summary judgment. The district court on April 21, 1975, entered its order granting that motion. Harland appeals that order.

The record before this Court consists of the pleadings, interrogatories to Andersons, the aforementioned depositions and memoranda of counsel concerning the motion for summary judgment. From this it appears that since early 1971, Harland has been the owner of about 3580 acres of land located in Township 16 North, Range 1 West, Cascade County, Montana. In addition he leases about 2360 acres owned by the United States and administered by the

Bureau of Land Management. These lands are located in and are contiguous with the mountain areas southeast of Cascade, Montana. They are surrounded by other ranch properties owned by various parties, including the Andersons, who control lands to the west and northwest. For over 50 years a two track dirt road has run across Andersons' land to the real estate which is the subject of this appeal. The road is crossed at several points by fences and closed gates owned and controlled by the Andersons.

Harland's predecessor in interest, Clifford Obrecht, acquired the property in 1945. In June 1948, an agreement was executed between Obrecht and Andersons which granted a right to use the contested road by permission. This agreement was terminated in 1959 and never renewed. Harland affirms that any claims he may have toward the use of this road exist only by virtue of those rights which Obrecht may have had. Yet, Obrecht admitted in his deposition that he had not used the road continuously for the five years precedent to the filing of this action. It is clear that no positive representations regarding the existence of an easement were ever made to Harland during the negotiations which led to the sale of the property.

Rule 56(c), M.R.Civ.P., provides that summary judgment is proper if:

> "* * * the pleadings, depositions, answers to interrogatories, and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. * * *"

This Court has on many occasions commented upon the nature of the burden of proof imposed on the moving party under Rule 56. The Court has consistently held that the party moving for summary judgment has the burden of showing the complete absence of any genuine issue as to all facts which are deemed material in light of those substantive principles which entitled him to a judgment as a matter of law. We have also held the rule operates to hold the movant to a "strict standard" and that:

> "'* * *To satisfy his burden the movant must make
> a showing that is quite clear what the truth is,
> and that excludes any real doubt as to the existence
> of any genuine issue of material fact. * * *'"
> Kober & Kyriss v. Stewart & Billings Deaconess
> Hospital, 148 Mont. 117, 122, 417 P.2d 476.

The district court does not function to adjudicate genuine issues of fact on a motion for summary judgment cause--it merely determines whether such issues exist. Thus the party opposing the motion will be indulged to the extent of all inferences which may be reasonably drawn from the offered proof. Mally v. Asanovich, 149 Mont. 99, 105, 423 P.2d 294; Johnson v. St. Patrick's Hospital, 148 Mont. 125, 417 P.2d 469.

The primary policy and general purpose underlying Rule 56, M.R.Civ.P., is to encourage judicial economy through the prompt elimination of questions not deserving of resolution by trial. Silloway v. Jorgenson, 146 Mont. 307, 310, 406 P.2d 167. Thus while the initial burden of proof must attach to the movant, that burden shifts where the record discloses no genuine issue of material fact. Under these circumstances, the party opposing the motion must come forward with substantial evidence raising the issue. Rickard v. Paradis, ____Mont.____, 539 P.2d 718, 32 St.Rep. 834; Roope v. The Anaconda Company, 159 Mont. 28, 494 P.2d 922; Flansberg v. Montana Power Company, 154 Mont. 53, 460 P.2d 263. Once the burden has shifted, the party opposing the motion is held to a standard of proof about equal to that initially imposed upon the moving party:

> "'* * * the party opposing motion must present facts
> in proper form - conclusions of law will not suffice;
> and the opposing party's facts must be material and
> of a substantial nature, not fanciful, frivolous,
> gauzy, nor merely suspicious.'" Silloway v. Jorgenson,
> 146 Mont. 307, 310, 406 P.2d 167.

To establish the existence of an easement by prescription, the party so claiming must show open, notorious, exclusive, adverse, continuous and uninterrupted use of the easement for the statutory period prescribed by section 93-2507, R.C.M. 1947.

- 4 -

In support of his claims to this Court, Harland sets forth several arguments. The depositions of Warehime, Perrine, and James are offered in an attempt to establish use of the road by the general public for the years 1916-1948, for recreational and occasional other purposes. He cites Scott v. Weinheimer, 140 Mont. 554, 374 P.2d 91, for the proposition that the unexplained use of an easement for the statutory period will be presumed to be under a claim of right and therefore adverse. But Scott is inapplicable here, where the use of the road was more than adequately explained in the record. Deponents admittedly owned no land in the area and could not therefore have used the road to gain access to their holdings. There is no doubt deponents and others used the road for recreation, hunting, fishing and occasional timbering operations, but this is not sufficient to raise the presumption of adverse use, or a claim of right under the rule in Scott. The district court so found and we see no reason to overrule it.

We next examine the claim that an easement by prescription may exist by virtue of adverse use by the Obrechts during the time they owned the property now in question. At the outset, we discount any use of the road between 1948 through 1959 in determining the validity of the prescriptive claim. This use was allowed under a duly executed agreement which Andersons terminated in 1959. Any use which is permissive in its inception may not ripen into a prescriptive right, unless there has been a distinct and positive assertion by the claimant owner of a right hostile to the owner of the servient estate. Drew v. Burggraf, 141 Mont. 405, 378 P.2d 232. It is clear there was no such positive assertion here. In fact, the record and Obrecht's deposition disclose to the contrary:

> "Q. Were you permitted to use this road as access to your mountain properties? A. Formerly, yes.
>
> "Q. How about in the last few years? A. Well, I haven't taken cattle up or anything. There was too much fighting and stuff like that.

"Q. No problem with Mr. Anderson if you went up there to fix a fence or anything? A. No. Not at first."

The district court found:

"* * * the record is entirely devoid of any evidence of open, common, notorious, exclusive, adverse, continuous or uninterrupted use of said roadway by any parties * * * which consists of more than five years prior to the filing of the Complaint herein."

This finding is sustained by the record. The district court also found the Andersons had maintained "total dominion" over the roadway. This finding conforms to the ruling in Peasley v. Trosper, 103 Mont. 401, 64 P.2d 109, wherein the Court held that the presence of gates which must be opened by the user is strong evidence of permissive rather than adverse use.

Finally, Harland contends that as the lessee of the United States he is entitled to use any easement appurtenant to the leasehold property. But this statement is made without a scintilla of evidence to show that an easement has either been claimed or established by the federal government. The allegation is therefore strictly conclusory and speculative. As such, it was properly resolved in the proceedings for summary judgment.

The judgment is affirmed.

_____
Justice

We Concur:

_____

_____

_____
Justices

_____
Hon. Robert Boyd, District Judge, sitting for Chief Justice Harrison.

- 6 -