No. 13431

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

---

CARL F. ANDERSON et al.,

Plaintiffs and Appellants,

-vs-

JAMES S. APPLEBURY et al.,

Defendants and Respondents.

---

Appeal from: District Court of the Fourth Judicial District,
Honorable Jack L. Green, Judge presiding.

Counsel of Record:

For Appellant:

Patterson, Marsillo, Harris and Tornabene, Missoula,
Montana
Wm. George Harris argued, Missoula, Montana

For Respondents:

Boone, Karlberg and Haddon, Missoula, Montana
Sam E. Haddon argued, Missoula, Montana
Johnson and Greef, Hamilton, Montana

---

Submitted: May 27, 1977

Decided: AUG 1 5 1977

Filed: AUG 1 5 1977

_____
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an action wherein plaintiffs Carl F. and Joyce A. Anderson, husband and wife, by their amended complaint sought damages, statutory penalties and attorney fees against defendants Andrew T. Lund and Anvil R. Summers and their sureties under the provisions of the Montana Real Estate License Act. This action arose out of the purchase by plaintiffs of a motel from defendants James S. and Ruth M. Applebury. Following depositions of all parties, Lund and Summers separately moved for summary judgment. The motion was submitted upon briefs, oral arguments and depositions. The district court, Ravalli County, granted the motion and summary judgment was entered in favor of defendants Lund and Summers. Plaintiffs appeal.

The sole substantive issue presented for review by this Court is whether the district court erred in ruling that no genuine issue of material fact existed between the parties and that defendants Lund and Summers were entitled to judgment as a matter of law.

In the fall of 1971, plaintiffs contacted Anvil R. Summers, a real estate salesman employed by Western States, Inc. of Hamilton, Montana, to locate a business in Hamilton available for purchase. Two businesses were shown and rejected. Summers indicated the Sportsman Motel might be for sale. Andrew T. Lund, a real estate broker d/b/a Western States, Inc., contacted James and Ruth Applebury, then owners of the Sportsman Motel, concerning a possible sale. The Appleburys subsequently informed him of their desire to sell. They indicated their selling price and stated the motel stood on land leased from the Burlington Northern Railway Co. Summers informed the Andersons of the availability of the motel for purchase.

Plaintiffs were shown the motel, its supplies and the surrounding property by James Applebury, in the company of Lund

and Summers.  At no time did Lund or Summers make representations regarding the location of the building or related structures upon the leased premises, the condition of the motel, the potential profitability of the business, or the availability of title insurance. Plaintiffs later conducted a second brief inspection of the premises.

On November 8, 1971, plaintiffs agreed to purchase the Sportsman Motel, admittedly relying in substance upon their inspections of the premises and the small amount of information given them by James Applebury regarding the property.  Lund and Summers represented both parties in drafting the resultant "Contract for Sale of Property" executed on December 20, 1971.  Attached to the contract and included as an exhibit to plaintiffs' amended complaint, was a copy of the lease agreement between the Appleburys and Burlington Northern.  The lease contained a legal description of the property and referred to its depiction in a related plat.

Plaintiffs took possession of the motel in January, 1972. Various problems with the physical structure of the building surfaced immediately, and the motel was promptly listed for sale.  In 1974 plaintiffs were informed by the Montana Department of Highways that a portion of their motel parking lot, sign, and canopy encroached upon a highway right-of-way.  Plaintiffs on July 3, 1975, filed their initial complaint against the Appleburys and Lund. Summers was added as a defendant by the amended complaint, filed on October 23, 1975.  Plaintiffs alleged various violations of the Montana Real Estate License Act by Lund and Summers, specifically sections 66-1937 and 66-1940, R.C.M. 1947.  The alleged violations essentially involve elements of fraud and misrepresentation in the inducement of the contract to purchase the motel.

Here, we point out the district court, in granting summary judgment, failed to specify any grounds therefor, in its order, by memorandum or otherwise.  Defendants maintain that summary judg-

ment issued solely on the ground the statute of limitations had run. Plaintiffs however, argue a much broader range of issues, including questions of fraud and misrepresentation by Lund and Summers. Therefore, while the focus of our review relates to the propriety of summary judgment, the facts of the instant case suggest two areas of inquiry:

(1) Whether any acts of Lund and Summers constitute violations of the Montana Real Estate License Act, section 66-1937, R.C.M. 1947?

(2) Whether plaintiffs' action based upon the alleged violations, if any, is barred by the running of the applicable statute of limitations?

The principles governing summary judgment under Rule 56(c), M.R.Civ.P., were recently detailed in Harland v. Anderson, _____ Mont._____, 548 P.2d 613, 33 St.Rep. 363. Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. The initial burden of establishing the absence of any genuine issue of material fact is upon the movant. The party opposing the motion will be afforded the benefit of all reasonable inferences which may be drawn from his offered proof. Mally v. Asanovich, 149 Mont. 99, 423 P.2d 294; Johnson v. St. Patrick's Hospital, 148 Mont. 125, 417 P.2d 469. However, where the record before the court discloses no genuine issue of material fact, the burden shifts to the party opposing the Rule 56(c) motion to come forward with proof establishing such a genuine factual issue. Harland v. Anderson, supra.; Rickard v. Paradis, 167 Mont. 450, 539 P.2d 718; Barich v. Ottenstror, _____Mont._____, 550 P.2d 395, 33 St.Rep. 481.

In determining the propriety of summary judgment within the above principles, we first look to the acts of defendants, Lund

-4-

and Summers, the basis of plaintiffs' complaint. Plaintiffs, in their amended complaint, elected to ground their cause of action for damages against Lund and Summers not in fraud within the common acceptance of the term, but rather under the provisions of the Montana Real Estate License Act. The pertinent provision creates a cause of action in favor of one injured through certain acts of a real estate salesman or broker.

Section 66-1940(c) provides:

"(c) Any person sustaining damages by failure of a real estate broker or real estate salesman to comply with the provisions of this act, shall have the right to commence an action in his own name against the real estate broker and his surety, or the real estate salesman and his surety, or both the broker and any salesman employed directly or indirectly by such broker and their respective sureties, for the recovery of any damages sustained as a result of any act specified in section 66-1937 herein or as a result of the failure of the real estate broker or real estate salesman to comply with the provisions of this act. * * * "

The specific acts alleged to have been committed by Lund and Summers in violation of section 66-1937 include:

"(1) Intentionally misleading, untruthful, or inaccurate advertising, whether printed or by radio, display, or other nature, which advertising in any material particular or in any material way misrepresents any property, terms, values, policies, or services of the business conducted;

"(2) Making any false promises of a character likely to influence, persuade or induce;

"(3) Pursuing a continued and flagrant course of misrepresentation or making false promises through agents or salesmen, or any medium of advertising, or otherwise;

" * * *

"(15) Failing voluntarily to furnish a copy of any written instrument to any party executing the same at the time of its execution;

" * * *

"(17) Intentionally violating any reasonable rule of regulation promulgated by the commission in the interests of the public and in conformance with the provisions of this act;

-5-

" * * *

"(19) Demonstrating his unworthiness or incompetency to act as a broker or salesman;

" * * *".

Plaintiffs apparently abandoned reliance upon the latter three violations above mentioned, as the record contains no facts pertaining to such charges. They argue only their cause for fraud.

It is well settled that a prima facie case of fraud is not established unless plaintiff proves the making of a material misrepresentation, and reliance upon the truth of such misrepresentation. Dunlap v. Nelson, 165 Mont. 291, 529 P.2d 1394; Clough v. Jackson, 156 Mont. 272, 479 P.2d 266; Young v. Handrow, 151 Mont. 310, 443 P.2d 9.

In the instant case the question is the making of material misrepresentations and reliance thereon by plaintiffs. However, the record indicates the parties are in complete agreement, in all material respects, that virtually no representations were made by Lund and Summers regarding the motel or the property upon which it is situated. The deposition testimony of plaintiff Joyce A. Anderson is replete with statements supporting that conclusion. In her August 11, 1975 deposition, she testified:

"Q. In other words, at that point you and your husband felt that you had all the information that you needed to make up your minds to buy? A. We had all the information that we -- we had gotten, and we couldn't get, like I said, a financial statement of any sort. We simply relied on the honesty and integrity of these people and on their word.

"Q. You were relying strictly on the statement that Mr. Applebury made that you could make a good living there? A. Absolutely." (Emphasis added.)

In her November 22, 1975 deposition, she testified:

"Q. Then I would be correct in summing all these up that inasfar as your contacts with Mr. Summers is concerned, that at no time did he make any statement to you or your husband in your presence concerning any of the aspects of the motel? A. I would say that you were correct in saying that.

"Q. And when I say any of the aspects, I'm referring specifically to the grounds of the Complaint that you have set forth in your Amended Complaint, is that correct? A. Yes, sir.

" * * *

"Q. Do you have any present recollection that Mr. Lund told you anything about that lease other than the fact that the lease was in existence at that time? A. No, I believe we got the figures from Mr. Applebury when we were talking in the lobby after he had shown us the motel.

"Q. So that with respect to the lease, then we start out with the fact that Mr. Lund had told you that there was a lease and that the Sportsman was located on the Burlington leased property? A. I believe this is correct." (Emphasis added.)

It is plain that there is no genuine issue of material fact disclosed in the record, particularly in the depositions of the parties, which relates to the alleged fraud. Clearly, plaintiffs offer nothing in contraposition to defendants' proof no material misrepresentations were made and none relied upon. We hold, there being no genuine issue of material fact as to whether fraudulent representations were made or relied upon, defendants Lund and Summers were entitled to judgment on this point as a matter of law.

Also, there is a second ground which supports the district court in its order granting summary judgment. As heretofore stated plaintiffs' amended complaint against Lund and Summers seeks recovery of damages and penalties for alleged statutory violations. Applicable to such claims is the two year period of limitations.

Section 93-2606(1), R.C.M. 1947, provides:

"Within two years:

"1. An action upon a statute for a penalty or forfeiture, when the action is given to an individual, or to an individual and the state, except when the statute imposing it prescribes a different limitation."

Section 93-2607(1), R.C.M. 1947, provides:

"Within two years:

"1. An action upon a liability created by statute other than a penalty or forfeiture."

Finch v. Kent, 24 Mont. 268, 61 P. 653; Frisbee v. Coburn, 101 Mont. 58, 52 P.2d 882; Falls Sand & Gravel Co. v. Western Concrete Inc., 270 F.Supp. 495.

All of the acts giving rise to plaintiffs' cause of action occurred in late 1971 and early 1972. The above periods of limitation had run by early 1974, regardless of plaintiffs' knowledge or lack of knowledge of the existence of their claims.

> "' * * * The fact that a person entitled to an action has no knowledge of his right to sue, or of the facts out of which his right arises, does not, as a general rule, prevent the running of the statute, or postpone the commencement of the period of limitation until he discovers the facts or learns of his right thereunder. * * * '" Kerrigan v. O'Meara, 71 Mont. 1, 8, 227 P. 819.

Plaintiffs argue the statutory period applicable to fraud actions in general, containing the "discovery" exception, is controlling. Section 93-2607(4), R.C.M. 1947, provides:

> "Within two years:

> "4. An action for relief on the ground of fraud or mistake, the cause of action in such case not to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud or mistake."

Plaintiffs maintain their cause of action accrued in 1974, when they were notified of the encroachment, therefore, the complaint of July 3, 1975 was timely filed. It is argued such absence of actual knowledge, together with reliance upon the direction and advice of Lund and Summers, effectively prevented "discovery" by plaintiffs until 1974.

However, we find that even if plaintiffs had a right to rely upon the statute of limitations for fraud and its "discovery" exception, their claims would be barred by the running of the statute. Plaintiffs admit they were aware of the problems concerning the structure of the motel and the income of the business shortly following the purchase in early 1972. Indeed, plaintiffs placed the motel on the market for sale almost immediately upon acquisition.

-8-

Plaintiffs made no efforts to list their complaints to Lund and Summers, the Appleburys, or an attorney until mid-1975. One object of any given statute of limitations is to suppress stale claims and prevent aggrieved persons from sitting on their rights. Noll v. City of Bozeman, 166 Mont. 504, 534 P.2d 880.

Likewise plaintiffs claim, in regard to the encroachment, is barred by the running of the statute. Plaintiffs rely on the exception to the rule that there must be an affirmative act, representation or concealment which is intended to and in fact does prevent discovery of facts giving rise to the cause of action.

> " * * * Unless there is some relation of trust or confidence between the parties which imposes upon a defendant the duty of making a full disclosure of the facts, there must be some active affirmative concealment of the fraud, something said or done to continue the deception or to prevent inquiry and lull plaintiff into a sense of security, in order to postpone the running of the statute." Kerrigan v. O'Meara, 71 Mont. 1, 7, 227 P. 819.

Neither Lund nor Summers was shown to have made any representations regarding the boundaries of the motel property. Neither was shown to have had knowledge of the encroachment. Therefore, there could have been no affirmative concealment. While there may have been a relation of trust or confidence between the parties, the fact that neither Lund nor Summers knew of the encroachment negates any duty they may have had to disclose it.

The district court was correct in granting summary judgment to defendants, Lund and Summers.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

-9-

Mr. Justice Frank I. Haswell specially concurring:

I concur in the result, but not in all that is said in the foregoing opinion.

_____
Justice.