CHEYENNE WESTERN BANK, A MONTANA CORPORATION, PLAIN-
TIFF AND RESPONDENT, v. WILLIAM R. YOUNG ET AL., THIRD
PARTY PLAINTIFFS, v. PHILIP ZASTROW, THIRD PARTY DEFEND-
ANT.

Submitted Oct. 13, 1978.
Decided Nov. 30, 1978.
587 P.2d 401.

Clarence T. Belue (argued), Hardin, Longan & Holmstrom, Bil-
lings, for defendants and appellants.

William Meisburger (argued), Forsyth for plaintiff and respondent.

MR. CHIEF JUSTICE HASWELL delivered the opinion of the Court.

Plaintiff bank brought suit in the District Court, Rosebud County, on several promissory notes and a mortgage on which defendants were in default. Defendants counterclaimed alleging that they had been fraudulently induced into assuming these obligations. The District Court granted plaintiff's motion for summary judgment on the counterclaim and ordered foreclosure sale of the property securing the notes. Defendants appeal.

Defendants Young were buying a restaurant in Ashland, Montana, on contract. The restaurant was destroyed by fire. Defendants applied to plaintiff bank for a loan to rebuild it. Various sums were loaned by the bank to defendants at various times during the period of January 1, 1976 to July 28, 1976, while the restaurant was under construction.

Ultimately, the Youngs incurred indebtedness to the bank totaling $81,000. For the purposes of this appeal, the significant events in the accumulation of that indebtedness are:

(1) On June 2, 1976, defendants borrowed $10,000 from plaintiff, executing a note requiring repayment in full on July 10, 1976. In the space on the note marked "collateral" the notation "Adv. to SBA" was written.

(2) On June 18, 1976, defendants executed another bank note to the bank, this time in the sum of $5,038.63, for a loan of $5,000. the note was payable on July 28, 1976. Under "collateral" this note said "Adv. on SBA.

(3) On July 27, 1976, defendants signed a note on an SBA form, said note promising to pay to plaintiff bank the sum of $66,000 at 9½ percent interest payable in monthly installments over a twenty year period. The note was secured by a mortgage to the bank of the restaurant real property. The reason that the SBA form was used was that defendant had asked the Small Business Administration to

participate in the loan. Defendants' application to the SBA had requested a loan of $88,000 but the SBA would only make a commitment of $66,000. (Even the $66,000 commitment was later withdrawn, but that fact is not significant to the issue on this appeal.)

No payments have ever been made by defendant on any of the notes. On December 22, 1976, the bank filed two complaints in the District Court, Rosebud County. One complaint was based on the default on the notes and mortgage, and the other complaint was on a separate note for $40,000 which covered another loan defendants had obtained to purchase a service station adjacent to the restaurant. The two cases were later consolidated. The briefs on this appeal refer primarily to the notes regarding the restaurant loans but the service station loan is also contested. In any event, the complaints requested the court to order a foreclosure sale of the property pledged as collateral in those instruments.

On February 14, 1977, defendants filed an answer, counterclaim, and third party complaint, alleging fraud on the part of the bank's officers. The third party complaint named Philip Zastrow, a bank executive, as third party defendant. The original negotiations on the loans as well as some of the original disbursements of funds had been handled by Zastrow's predecessor, but Zastrow was the bank officer involved in the execution of the three notes and the mortgage involved here. The counterclaim sought damages for various items, including loss of credit rating, interference with family relationships, and costs incurred when defendants attempted unsuccessfully to sell the property to satisfy the debts. The counterclaim also demanded a jury trial on the issues raised therein.

Defendants alleged breach of contract and promissory estoppel as defenses. The District Court subsequently ruled that the defenses of breach of contract and promissory estoppel had been abandoned by defendants. Defendants have not objected to that ruling and the case comes to this Court on the fraud theory alone.

The substance of defendants' fraud defense is the allegation that the $10,000 and $5,000 notes were to be amortized over 20 years just as the $66,000 SBA loan. The notes themselves provide for re-

payment in full on dates certain. Defendants allege, however, that the bank officers told them that the $15,000 total of those two notes would be amortized over 20 years along with the SBA loan. They claim they never would have executed the mortgage on the $66,000 loan if they had known otherwise, but that the bank officers told them they could come back later and sign papers to amortize the entire $81,000.

After discovery during which depositions were taken of all parties, plaintiff bank moved for summary judgment on the counterclaim and third party complaint of defendants. Hearing was held, briefs were submitted, and subsequently the District Court granted the bank's motion. The order also provided that "Young's motion for jury trial be denied." Summary judgment was decreed on November 10, 1977. Findings of fact, conclusions of law, and order were issued on the same day, resolving all issues in favor of plaintiff and directing that a foreclosure sale take place. Defendants filed notice of appeal from the summary judgment.

We note that the District Court in granting the summary judgment found that the bank, after defendants had become in default but before foreclosure proceedings were initiated, offered to restructure the financing agreement to carry the entire $81,000 total, plus an additional $4,000, as a bank loan amortized over twenty years at 9½ percent interest. Defendants declined that offer.

Two issues have been raised by the Youngs for our consideration on this appeal:

(1) Whether the District Court erred in granting summary judgment to the bank for the reason that a genuine issue of fact existed as to whether the bank, through its officers, had practiced fraud and misrepresentation in dealings with the Youngs, and;

(2) Whether the District Court erred in denying the Young's motion for a jury trial on the issues raised by their counterclaim.

Rule 56(c), M.R.Civ.P., provides that summary judgment is proper if:

". . . the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that

there is no genuine issue as to any material fact and that [the moving] party is entitled to a judgment as a matter of law . . ."

Montana case law construing Rule 56(c) has developed well settled standards defining when summary judgment standards defining when summary judgment is not a substitute for a trial; it can only be granted where the record discloses that the requirements of Rule 56(c) have been met. *Johnson v. Johnson* (1977), 172 Mont. 150, 561 P.2d 917. If there is any doubt as to the propriety of a motion for summary judgment, it should be denied. *Fulton v. Clark* (1975), 167 Mont. 399, 538 P.2d 1371. Mere allegations of fraud alone, however, do not automatically give rise to a material issue of fact precluding summary judgment. *Double X Ranch, Inc. v. Savage Brothers* (1975), 167 Mont. 231, 536 P.2d 1176. A good summary of the rules on summary judgment appears in *Harland v. Anderson* (1976), 169 Mont. 447, 548 P.2d 613, where the Court reviewed a long line of earlier cases. We need not repeat here what we said in *Harland*; we refer to it merely to indicate that the same principles stated there are controlling of our decision in the instant case.

Our function in this appeal is to determine whether there is a genuine issue of material fact precluding summary judgment.

In making its order of summary judgment in favor of the bank, the District Court cited *Anderson v. Applebury* (1977), 173 Mont. 411, 567 P.2d 951, for the proposition that a *prima facie* case of fraud is not established unless the complaining party can show the making of a material misrepresentation, and reliance upon the truth of the misrepresentation. The court here noted that defendants were unable to point to any specific promise by the bank or its agents that the bank would amortize the $15,000 in notes along with the $66,000 secured by the mortgage. The court quoted the following words from Mr. Young's deposition: ". . . I assumed on my own from the conversations with Mr. Zastrow that $81,000 would be financed over a twenty year period." The court then concluded that defendants had failed to come forward with a sufficient showing they relied on false representation by the agents of the bank.

Defendants object to the court's analysis and the resulting conclusion on the grounds that it allegedly relies too heavily on an isolated excerpt from Mr. Young's deposition and ignores the totality of the circumstances. We cannot agree. The order of summary judgment is accompanied by a seven page memorandum which addresses all the pertinent issues and clearly indicates that the District Court well understood and carefully weighed all of the surrounding circumstances.

On direct questions from the bench during the oral argument of this appeal, counsel for the Youngs could not point to any specific instances where a misrepresentation was made. Counsel stated that he had attempted to elicit specifics, but that his clients' responses were always general. Counsel argued that the inability to quote actual misleading language should not matter in that fraud is as often perpetrated by silence or inaction as it is by affirmative acts. However, it cannot be determined if a misrepresentation was made unless the record reflects what was said or done to mislead. It is the Youngs' burden to present a record that establishes a genuine issue of material fact. This they failed to do. Implications based upon what the Youngs "thought" are not enough. The party opposing a motion for summary judgment must present facts which are "material and of a substantial nature, not fanciful, frivolous, gauzy, nor merely suspicious." *Silloway v. Jorgenson* (1965), 146 Mont. 307, 310, 406 P.2d 167, 169.

Our decision on the first issue precludes consideration of the second issue. As summary judgment for defendants has been affirmed, there is nothing for a jury to try.

Affirmed.

MR. JUSTICES SHEA, HARRISON, DALY and SHEEHY concur.