No. 81-490

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

HENRIETTA SANDS,

Plaintiff and Appellant,

vs.

SONJA R. NESTEGARD, SIDNEY P. MICHELS,
EUNICE E. MICHELS and EARL SANDS,

Defendants and Respondents.

Appeal from:  District Court of the Eleventh Judicial District,
              In and for the County of Flathead
              Honorable Robert M. Holter, Judge presiding.

Counsel of Record:

    For Appellant:

        Jeffrey Ellingson, Kalispell, Montana

    For Respondents:

        Keller & Gilmer, Kalispell, Montana
        Robert S. Keller, Kalispell, Montana

                    Submitted on briefs: March 5, 1982

                            Decided: June 23, 1982

Filed: JUN 23 1982

Thomas J. Kearney
                                          Clerk

Mr. Justice Frank B. Morrison, Jr., delivered the Opinion of the Court.

This appeal results from an order denying appellant's motion to set aside a summary judgment entered in favor of respondents.

Appellant Sands is a 95-year-old woman who over the course of the last 15 years has deeded various tracts of land to respondents. Respondent Earl Sands is appellant's son who received a five acre tract of land from appellant in 1967; respondent Eunice Michels is appellant's daughter who, with her husband Sidney Michels, received 0.32 acres from appellant on November 16, 1971; and respondent Sonja Nestegard is appellant's granddaughter and respondent Michels' daughter who received 0.281 acres from appellant on November 5, 1975. All of the tracts are located in close proximity to appellant's residence.

On December 30, 1980, appellant filed a four count complaint against respondents alternatively seeking return of the transferred property or damages. Counts I and II were premised upon an allegation that the transfers resulted from oral agreements between appellant and respondents that respondents would provide support for appellant for the remainder of her lifetime; an amalagam of legal theories -- fraud, misrepresentation, undue influence and breach of contract -- were asserted in each claim. Count III alleges, in the alternative, that if the agreement is found to be void in violation of the statute of frauds, then plaintiff is entitled to a return of her consideration, i.e., the land. Count IV alleges a tort arising out of intentional infliction of mental and emotional distress.

Respondents' answer denied all allegations of any agreement, fraud, misrepresentation or undue influence and asserted the statute of limitations as an affirmative defense to each count.

On April 24, 1981, the depositions of all parties, excepting respondent Sidney Michels, were taken. Respondents denied that they had entered into any grantor support agreement in exchange for the land they received but stated that they had intermittently provided for appellant's care and support by cutting and hauling firewood, preparing food, and transporting appellant to town. Appellant's deposition was equivocal regarding any agreements surrounding the transfers, although it clearly established appellant expected respondents to care for her and that they had failed to live up to her expectations.

On June 8, 1981, respondents filed a motion for summary judgment. As to Count I and II respondents asserted that appellant conceded there was no agreement between appellant and respondents and that respondents made no fraudulent or false representations to appellant. Respondents also contended section 27-2-203, MCA, barred such action. The grounds for Count II included the aforementioned assertions with an additional contention that appellant testified the transfers were gifts, not the product of agreements or contracts. Section 27-2-204, MCA, was asserted to bar any action against respondents Michels under Count IV; additionally respondents claimed appellant failed to testify as to any facts which would support such a claim for relief against respondents Sands and Nestegard. Appellant filed no brief in opposition to respondents' motion and memorandum in support thereof.

On July 28, 1981, the District Court sustained respondents' motion for summary judgment, stating that "[t]he facts as developed show a change of heart on the part of the grantor-plaintiff, no more, no less" and that "each of claims I, II and III are barred by MCA 27-2-203." Appellant's complaint was dismissed on July 31, 1981.

On August 5, 1981, through new counsel, a motion to vacate the summary judgment was filed by appellant. Additional briefs were filed and argument was had on the question of setting aside the summary judgment and on the merits of the summary judgment motion. Additionally, affidavits from three of appellant's adult daughters were filed. In summary, the affiants attested that, in conversations they had with respondents, respondents admitted that they received various tracts of land from appellant in exchange for their promises to provide appellant with care and support for the remainder of her life. The following affidavit is typical of all:

> "I, CLARICE HEWITT, being first duly sworn, depose and state:
>
> "(1) That I am a daughter of Henrietta Sands, Plaintiff in this action, and that I reside at 448 South Calle Eucilia, Apt. 604, Palm Springs, California;
>
> "(2) That, upon several occasions during recent years, I have made several trips to Flathead County, Montana, to take care of my mother at her residence; that, upon said occasions, I have become privity to certain conversations with respect to land transfers between my mother and Defendants, Sonja R. Nestegard, Sidney R. Michels and Eunice E. Michels;
>
> "(3) That, in October of 1977, Eunice Michels told me that there had been a certain agreement between she and her husband and my mother with respect to certain property deeded in 1971; that the nature of the agreement was such that my mother deeded certain property to Eunice and her husband in return for them caring and providing for her for the remainder of her lifetime, i.e., supplying her with the necessities of life, care and companionship;

"(4) That, in October of 1977, Sonja Nestegard had told me that there had been a certain agreement between her and my mother with respect to certain property originally deeded in 1975; that the nature of the agreement was such that my mother deeded certain property to Sonja in return for providing her with care and support for the remainder of her lifetime, i.e., supplying her with the necessities of life, care and companionship;

"(5) That, to my knowledge, the aforesaid Defendants have substantially failed to carry out their agreement with my mother and have failed to provide her with care and support since the property transfers occurred."

On October 9, 1981, Judge Holter issued an order denying appellant's motion to vacate. The order stated, in part, that "[C]areful inspection of the claims made by the [appellant] do not track with her deposition. At most that could be said for [appellant's] position is that she hoped her children would live around her harmoniously. She has now had a change of heart. And she waited too long . . . Nothing different has been shown by the proceedings subsequent to such summary judgment than were known prior thereto." The issue is not whether the trial court abused its discretion in failing to vacate. The matter was decided giving due consideration to the affidavits.

Therefore, on appeal the issues are:

(1) Whether the trial court erred in granting respondents' motion for summary judgment because there was a genuine issue of material fact presented by the parties' depositions and the affidavits submitted by appellant's daughters; and

(2) Whether the statute of limitations or the doctrine of laches bars appellant from bringing her claims for relief.

As a preliminary matter this Court will address the adequacy of appellant's original complaint. We understand the frustration of respondents' counsel in defending against

-5-

such a pleading. The complaint is inartfully drafted and is so confusing we find it difficult to decipher plaintiff's theories. Present counsel sought leave to amend which was never granted. For purposes of this appeal, noting the finality of a summary judgment, the policy considerations that militate against defeating plaintiff's right to present the merits of her case to the factfinder, and the nature of the argument presented to the lower court on the motion to vacate, we conclude that the complaint can be construed broadly enough to include a claim for relief based upon breach of a grantor support contract, independent of any allegations of fraud, undue influence or misrepresentation.

Plaintiff has alleged that prior to each transfer, each defendant said to her that if she conveyed the land to him/her, she/he would provide for plaintiff for the remainder of her lifetime, supplying her with the necessities of life, care and companionship. Plaintiff has further alleged that she conveyed such property in consideration of their statements. Finally, plaintiff has alleged that defendants refused to comply with the conditions upon which they accepted such properties. Such allegations constitute a valid claim for relief under Montana law, De Atley v. Streit (1928), 81 Mont. 382, 263 P. 967, and this Court will review the lower court's decisions in light of such a theory.

Neither respondents' counsel nor the trial judge should be caught unaware by this determination. Plaintiff's counsel attempted to clarify her complaint by filing a motion to amend at the same time her motion to vacate was filed. Although the trial court made no ruling on the motion to amend, arguments submitted by plaintiff and refuted by defendants regarding the motion to vacate or reconsider the

-6-

summary judgment addressed a legal theory premised on allegations that (1) plaintiff and defendants entered into agreements by which plaintiff would transfer certain lands to defendants and defendants would provide for plaintiff for the remainder of her lifetime and (2) defendants failed to abide by their agreements.

Summary judgment is proper ". . . if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . ." Rule 56(c), M.R.Civ.P.

Juxtaposing respondent's depositions with appellant's deposition and the affidavits filed in opposition to the motion for summary judgment, we find a genuine issue of fact as to whether the parties entered into grantor support agreements when land was transferred from appellant to respondents. Appellant's three adult daughters assert that on various occasions respondents admitted to them in conversations that they had agreed to care for Henrietta Sands for the remainder of her life if she would in return transfer certain property to them. In a less definitive manner, appellant too asserts that respondents told her they would provide for her. Respondents uniformly deny the existence of an agreement concerning the land transfers. In the past this Court has said that, in cases involving the existence or non-existence of a contract, where the intentions of the contracting parties are critical in deciding the issue, summary judgment is usually inappropriate. Kober v. Stewart (1966), 148 Mont. 117, 417 P.2d 476; Fulton v. Clark (1975), 167 Mont. 399, 538 P.2d 1371. Summary judgment was not

appropriate in this case. In this instance, it appears the trial judge went beyond the question of whether there was a genuine issue of fact, to determine how such issue should be decided; that constitutes error. Rickard v. Paradis (1975), 167 Mont. 450, 539 P.2d 718.

Regarding appellant's fourth count, intentional infliction of severe emotional distress, we uphold the trial court's order for summary judgment. Appellant's brief neglected to address this count. This Court will not endeavor to review a matter when appellant has directed no argument toward it.

As to the second issue, the applicability of the statute of limitations to counts one through three, we find the lower court's determination to be premature. Just as a dispute exists as to whether an agreement existed, a dispute exists as to whether or not, in some degree or another, respondents have been providing for appellant. If an agreement is found to exist, appellant's claims for relief do not come into being until respondents have failed to fulfill their continuing obligation to provide for appellant. At this point we do not know when that breach occurred. While appellant may be barred at law for acting on a breach of agreement that occurred prior to 1972, she is not barred from seeking relief based upon any alleged breach of contract that occurred within eight years of this action. Neils v. Deist (1979), 180 Mont. 542, 591 P.2d 652; Section 27-2-202(1), MCA.

Count III is unnecessary here. If there was a binding support agreement, plaintiff performed by conveying land and the statute of frauds is inapplicable. If no such agreement existed, plaintiff does not have a claim.

There is no evidence here of fraud or undue influence. We affirm summary judgment except as to those allegations in Counts I and II which could form the basis for a finding that a support obligation was incurred and was breached by the respective grantees.

The summary judgment on Counts I and II is vacated and the matter is remanded for trial.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices