No. ~~13616~~ *1363*

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

EQUITY COOPERATIVE ASSOCIATION,
A Montana Corporation,

Plaintiff and Appellant,

-vs-

JOHN F. BECHTOLD,

Defendant and Respondent.

Appeal from: District Court of the Sixteenth Judicial District,
Honorable Alfred B. Coate, Judge presiding.

Counsel of Record:

For Appellant:

John R. Carr argued, Miles City, Montana

For Respondent: Gene Huntley argued, Baker, Montana

Submitted: June 7, 1977

Decided: JUL 11 1977

Filed: JUL 11 1977

Thomas J. Kearney
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Plaintiff Equity Cooperative Association appeals from a summary judgment in a complaint filed in the district court, Fallon County, for a breach of contract to deliver grain.

The sole issue on appeal is whether the district court's findings of fact, conclusions of law and judgment were proper in awarding summary judgment to defendant John F. Bechtold.

On October 31, 1972 a written contract was entered into between Equity Cooperative Association, purchaser, and John F. Bechtold, seller, for 50,200 bushels of wheat. The contract was signed in two parts, both signed on the same day and covered the same wheat. The first contract, designated "Contract of Sale of Grain No. 4-0 60644" provided for an advance of $5,000 on wheat to be delivered later and payable after October 1973. Later, on the same day, the parties entered into the second contract, a more specific one, providing for the sale of 50,200 bushels of wheat at a price of $1.65 per bushel, except for 14,400 bushels which were to be purchased at $1.63 per bushel, plus 4,742 bushels which required a protein check before determining the actual price. This contract was designated No. 4-0 60660.

In addition to the advance made to Bechtold of $5,000 on October 31, 1972, another in the same amount of $5,000 was made on December 21, 1972, at the request of Bechtold.

In January 1973, Bechtold delivered to the Equity elevator 12,700 bushels of wheat. Equity paid Bechtold, deducting the $10,000 advance, and he accepted and cashed a net check in the amount of $10,387.55.

All the wheat was paid for at a price of $1.63 per bushel. There is conflict in the statements of Bechtold and Novak, Equity's manager, on whether Bechtold objected to the $1.63 price.

Equity claims any difference in price was to be adjusted upon completion of the contract.

Bechtold delivered wheat to Equity over a four month period, being paid each time. The last delivery was made on May 5, 1973 when he was paid $4,175.24. All told some 15,069 bushels were delivered and Equity sought specific performance of the contract seeking the delivery of 35,161 bushels of grain or in the alternative damages for breach of contract in the amount of $5.00 per bushel or $175,805.

Rule 56(c), M.R.Civ.P. provides that summary judgment is proper if:

> "* * * the pleadings, depositions, answers to interrogatories, and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law * * *."

See: Harland v. Anderson, _____ Mont. _____, 548 P.2d 613, 33 St.Rep. 363.

Here the record is replete with fact questions. The district court erred in granting summary judgment. The district court does not function to adjudicate genuine issues of fact on a motion for summary judgment cause--it merely determines whether such issues exist. Thus the party opposing the motion, Equity, will be indulged to the extent of all inferences which may be reasonably drawn. Mally v. Asanovich, 149 Mont. 99, 105, 423 P.2d 294.

Some of the genuine fact issues raised here are these questions:

1. Whether under the contract there was to be an adjustment in the price paid of $1.63 and $1.65 and the number of bushels at those prices?

2. Was there a breach by Bechtold's failure to deliver?

3. Did Bechtold fail to deliver after being requested

to do so by Equity?

4. Was Bechtold's failure to perform the contract due to a great increase in the price of grain--after he signed the contract?

5. Why did he not deliver?
These are a few of the facts that must be answered by a jury trial.

Judgment of the district court is reversed and the cause remanded for further proceedings.

John Conway Harrison
Justice

We Concur:

Chief Justice

Justices