No. 86-419

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

---

TERRY LEE KERR,

Plaintiff and Appellant,

-vs-

GARY E. WILCOX, RALPH ALLEN BECK,
and JOHN L. ADAMS, Court Appointed
Attorneys,

Defendants and Respondents.

---

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable William J. Speare, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Terry Lee Kerr, pro se, Carnelian Bay, California

For Respondent:

Crowley Law Firm; Ronald Lodders, Billings, Montana
Gary E. Wilcox, Billings, Montana

---

Submitted on Briefs: Dec. 18, 1986

Decided: February 9, 1987

Filed: FEB 9 - 1987

_Ethel M. Harrison_
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is a pro se appeal from the District Court of the Thirteenth Judicial District, in and for the County of Yellowstone, State of Montana. Appellant appeals from a summary judgment granted defendants. Appellant had sought actual and punitive damages in the amount of $30,000,000 alleging violation of his civil rights resulting from a civil commitment ordered by the District Court placing appellant in the State Mental Hospital. We affirm the District Court's summary judgment.

Terry Lee Kerr (appellant) first became involved with the judicial system of the State of Montana in 1981, when charges were filed against him in Yellowstone County by the County Attorney. Two counts were filed, (I) intimidation, a felony, which alleged that the appellant communicated to a female friend a threat to inflict physical harm were she to testify on a criminal charge filed against the appellant, and (II) criminal mischief, a misdemeanor, which alleged that appellant knowingly or purposely injured or destroyed the property of the residence of the female friend.

Resulting from said charges, appellant was arrested and Gary E. Wilcox was appointed to represent him. Based upon the results of a psychiatric evaluation, Mr. Wilcox filed a motion to suspend the proceedings, alleging that the appellant was suffering from a mental disease and did not understand the nature of the charges against him and was unable to assist in his defense. The court granted this motion in December 1981. Mr. Wilcox further made a motion to withdraw as counsel, which was also granted.

As a result of these proceedings, the District Court filed an order of commitment. In its order the court found

that appellant lacked the mental capacity to continue in this proceeding, for he did not understand the nature of the charges brought against him and was therefore unable to assist in his own defense. The order commited the appellant to the custody of the director of the Department of Institutions, and recommended that he be placed in the State Hospital at Warm Springs, Montana, which occurred in December 1981.

Some months later, appellant was adjudged mentally fit to stand trial and was returned to Billings for a jury trial which began on September 12, 1982. Mr. Beck, and later Mr. Adams, were appointed to represent appellant in this proceeding. During the course of the trial, expert testimony was presented concerning his mental condition. The jury returned a verdict of not guilty for each count by reason of mental disease or defect. On September 30, 1982, the District Court, pursuant to Title 46, Chapter 14, Part 3, MCA, held a sentencing hearing. At the conclusion of the hearing, the court sentenced appellant to a term of ten years to the Department of Institutions.

In April 1983, the appellant appealed this judgment to this Court requesting that the cause be vacated and the case remanded to the District Court for commitment proceedings under §§ 41-14-301 through 41-14-304, MCA. The grounds for appellant's action were that instead of being committed to the State Hospital at Warm Springs, he was taken by mistake to the State Penitentiary, and it was necessary thereafter for his counsel to have him released and sent to the State Hospital pursuant to the original commitment.

In October 1983, through agreement of counsel following a hearing, the appellant was released under the condition that he would receive psychiatric treatment in Yellowstone County. A plan was worked out whereby he would live with his

3

sister in Yellowstone County under certain conditions approved by the court.

In this pro se appeal, it is difficult to set forth the issues the appellant desires to cover. Some thirteen complaints were made about counsel Wilcox and are probably also applicable, to some extent, against the other two defendants. We will consider the principal issue, that being whether the District Court erred in granting all three counsels' motions for summary judgment dismissing appellant's complaint.

In doing so we will handle each defendant separately. As to Mr. Wilcox, we affirm the District Court's order granting summary judgment. It is the position of Wilcox that the motion for summary judgment was properly granted and the complaint was justifiably dismissed. We agree. It is clear that this case presents no genuine issue of material fact. See Rule 56(c), M.R.Civ.P.

As previously noted, Wilcox represented appellant for a limited period of time, from November 10, 1981, to December 10, 1981. He could not conceivably be held responsible for representation of the appellant for anything that happened after that period of time.

The complaint filed by appellant alleged that Wilcox, while representing him, violated his right pursuant to §§ 53-21-115 through 53-21-119, MCA. The District Court properly noted that no proceeding against the appellant was taken by the state of Montana pursuant to those statutes, which involve civil commitments for treatment of seriously mentally ill individuals. Here Wilcox represented appellant on criminal charges, and as such was obligated to represent him pursuant to Titles 45 and 46 of the Montana Code Annotated. Sections 53-21-111 et seq., MCA, are inapplicable to representation of the appellant because they are

4

applicable only to civil proceedings not criminal proceedings. We find no error in the granting of summary judgment by the District Court as to Mr. Wilcox.

As to defendants Beck and Adams they did not appear as counsel of record for the appellant until he had been found capable of standing trial by a psychiatrist at the State Hospital and returned to Billings for trial. At trial in September 1982, the jury returned a verdict of not guilty by reason of mental disease or defect and thereafter the District Court committed appellant to the custody of the Director of the Montana Department of Institutions. It should be noted that counsel Beck at that time objected to this judgment, alleging that it was inappropriate. Thereafter the appellant was mistakenly sent to the State Prison instead of the State Hospital.

Shortly afterward, within a week, counsel Beck learned of the mistaken placement and immediately contacted counsel for the Department of Institutions in Helena, Montana, the District Judge and the County Attorney. The District Court issued an order within a week of this notification, transferring the appellant to the State Hospital and counsel Beck filed an appeal to the Supreme Court as to the sentence given by the District Court. The District Court opinion granting summary judgment indicates that Beck opposed the sentence under § 46-14-312, MCA.

During the appeal process the Attorney General agreed with counselors Beck and Adams that it was an improper sentence. This Court vacated the sentence and remanded it to the District Court for a new dispositional hearing, pursuant to § 46-14-301, MCA. It was at this dispositional hearing that the appellant's "sentence" to Warm Springs State Hospital was vacated and he was released on specific conditions.

As with Mr. Wilcox, we find that the District Court properly granted summary judgment for Beck and Adams. Here, the party moving for summary judgment showed there was no genuine issue of material fact before the court and the court properly granted summary judgment. See Harlan v. Anderson (1979), 169 Mont. 447, 548 P.2d 613; Rumph v. Dale Edwards, Inc. (1979), 183 Mont. 359, 600 P.2d 163.

The judgment of the District Court in favor of the defendants Wilcox, Adams and Beck is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

6