DISTRICT JUDGE DOROTHY MCCARTER, sitting for JUSTICE NELSON, delivered the Opinion of the Court.
The plaintiff, Donald Jarvenpaa, brought this action alleging that he was wrongfully discharged by defendant Glacier Electric Cooperative, Inc. (Glacier). Glacier moved for summary judgment, which was granted by the District Court for the Ninth Judicial District, Glacier County. Jarvenpaa appeals from this order. We reverse and remand.
Jarvenpaa began working for Glacier in 1962 and was Manager of Operations at the time of the alleged discharge. On September 29, 1992, Jarvenpaa’s supervisor advised him that his employment would be terminated on December 31,1992, because of problems with his job performance. Jarvenpaa was also informed that he could choose to retire prior to being dismissed and could accept a “Special Early Retirement Package” (SERP) which was being offered to five eligible employees. David Chapman, General Manager of the Board of Trustees, stated in a letter to Jarvenpaa dated November 2, 1992, “[Y]ou are being offered two options — retire under SERP or be terminated December 31, 1992.1 have not made, and do not herein make any offer to negotiate further.” Jarvenpaa responded on November 10, 1992, that he did not believe that Glacier had any basis to terminate his thirty-year employment, but “in view of your ultimatum that if I do not accept the offer of early retirement I will be terminated, I obviously have no alternative in this matter. Accordingly, with reluctance, I accept the offer to retire under SERP as set forth in your letter of November 2, 1992.”
Jarvenpaa subsequently filed this suit for wrongful discharge. The District Court granted Glacier’s motion for summary judgment. Although the court concluded that retirement can be a form of discharge under § 39-2-903(2), MCA, it found that, in this case, retirement was not a discharge because the employee signed an acknowledgement that his retirement was voluntary, and he accepted the benefits of the retirement package; he could have waited to be fired and then file an action for wrongful discharge. The court also concluded that the “retire or be fired” ultimatum was not a constructive discharge -under § 39-2-903(1), MCA, because the choice between discharge and retirement cannot be said to be so intolerable that voluntary termination, in this case retirement, is the only reasonable alternative.
*480 Our standard of review from a grant of summary judgment is the same as that of the district court under Rule 56(c), M.R.Civ.P. Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. However, summary judgment is not a substitute for a trial on the merits. Morton v. M-W-M, Inc. (1994), 263 Mont. 245, 249, 868 P.2d 576, 578-79.
All reasonable inferences must be drawn in favor of the party opposing the motion. In making its determination, the court must consider the entire record. Smith v. Barrett (1990), 242 Mont. 37, 40, 788 P.2d 324, 326.
Summary judgment motions, however, clearly are not favored. “[T]he procedure is never to be a substitute for trial if a factual controversy exists.” Reaves v. Reinbold (1980), 189 Mont. 284, 288, 615 P.2d 896, 898. If there is any doubt as to the propriety of a motion for summary judgment, it should be denied. Rogers v. Swingley (1983), 206 Mont. 306, 312, 670 P.2d 1386, 1389; Cheyenne Western Bank v. Young (1978), 179 Mont. 492, 496, 587 P.2d 401, 404.
The primary issue in this case, simply stated, is whether an employee, presented with a choice between being fired or accepting an early retirement package, has been “discharged” for purposes of bringing an action under Montana’s Wrongful Discharge From Employment Act.
Montana has chosen to protect the rights of a worker to challenge the validity of an employer’s decision to terminate his or her employment. While Montana law still provides that, absent provisions to the contrary, employment is “at will,” under the Wrongful Discharge From Employment Act, an employer in most cases must have good cause to fire an employee. “Good cause” is defined in the Act as “reasonable job-related grounds for dismissal based on a failure to satisfactorily perform job duties, disruption of the employer’s operation, or other legitimate business reasons.” Section 39-2-903(5), MCA.
In most cases the situation presented is one where the employment was actually terminated by the employer. The Wrongful Discharge From Employment Act, however, also allows for those situations in which the employer has made working conditions so intolerable that the employee is forced to quit — i.e., a constructive discharge. Under the Act, this type of situation is no less wrongful than an actual firing. Constructive discharge is defined in the Act as “the voluntary termination of employment by an employee because *481 of a situation created by an act or omission of the employer which an objective, reasonable person would find so intolerable that voluntary termination is the only reasonable alternative.” Section 39-2-903(1), MCA. This definition is essentially the same as we defined constructive discharge in our pre-Act cases. Kestell v. Heritage Health Care Corp. (1993), 259 Mont. 518, 524, 858 P.2d 3, 6-7. We have held that in determining “whether an employee has been constructively discharged, the fact finder must decide whether the employer has rendered working conditions so intolerable that resignation is the only reasonable alternative.” Kestell, 858 P.2d at 7. This determination must be based on the totality of the circumstances, not on the employee’s subjective judgment that working conditions are intolerable.
In the case before us, the termination was initiated by the employer when it issued its ultimatum to the employee that he would be fired if he did not accept the retirement package. The employer’s statements to this effect were clear and unequivocal. Other courts have held that where an employer tells an employee to resign or be fired, the resignation can be a constructive discharge. Sheets v. Knight (Or. 1989), 779 P.2d 1000; Cameron v. Beard (Alaska 1993), 864 P.2d 538. See also Dept. of Air Force v. Dept. of Emp. Sec. (Utah App. 1990), 786 P.2d 1361, 1365 (where employee resigned in the face of inevitable discharge, the termination was initiated by the employer and was not a voluntary termination).
In Gates v. Life of Montana Ins. Co. (1982), 196 Mont. 178, 638 P.2d 1063, appeal after remand 205 Mont. 304, 668 P.2d 213 (1983), a pre-Act case, the employer asserted that the employee voluntarily resigned, but the employee argued that she signed a letter of resignation under duress when she was given the option of resigning or being fired. We noted that the threshold factual issue of whether the employee’s termination was voluntary or involuntary should be submitted to the factfinder. Gates, 638 P.2d at 1066. However, we have not yet been presented with a situation in which an employee, such as Jarvenpaa, is given a “retire or be fired” choice and chooses the alternative of accepting early retirement rather than the alternative of being fired.
Discussions of when an offer of early retirement actually amounts to a discharge occur most frequently in age discrimination cases. While the elements of an age discrimination claim differ from those in the case before us, the issues involved in determining whether this was in fact a forced termination or a voluntary retire *482 ment are substantially the same. Therefore we look to those cases for guidance.
An offer of early retirement does not by itself constitute constructive discharge. Early retirement often provides a beneficial way for older employees to leave the work place.
[M]ost courts have found that an offer of early retirement constitutes a constructive discharge only when the offer is made under terms and conditions where the employee would be worse off whether or not he or she accepted the offer. More simply stated, an offer of early retirement constitutes a constructive discharge when the choice is essentially either early retirement or continuing to work under intolerable conditions, like the threat of termination without benefits.
Smith v. World Ins. Co. (8th Cir. 1994), 38 F.3d 1456, 1461 (citations omitted).
Early retirement is not a discharge if the employee has the power to choose to keep working.
Absent the right to decline an employer’s offer of early retirement and keep working under lawful conditions, the “decision” to take the early retirement “option” is no decision at all. A “choice” between not working with benefits and not working without benefits amounts to, in effect, compulsory retirement.
Hebert v. Mohawk Rubber Co. (1st Cir. 1989), 872 F.2d 1104, 1113. Without this option to choose to keep working, “an employer’s offer of a choice between early retirement with benefits or discharge without benefits is nothing other than a discharge.” Hebert, 872 F.2d at 1113. In reaching this holding, the First Circuit considered and rejected the reasoning of the Sixth Circuit in Ackerman v. Diamond Shamrock Corp. (6th Cir. 1982), 670 F.2d 66.
The standard for determining when a constructive discharge has occurred is virtually the same as that found in the Wrongful Discharge From Employment Act.
[T]he law regards as the functional equivalent of a discharge those offers of early retirement which, if refused, will result in work so arduous or unappealing, or working conditions so intolerable, that a reasonable person would feel compelled to forsake his job rather than submit to looming indignities.
Vega v. Kodak Caribbean, Ltd. (1st Cir. 1993), 3 F.3d 476, 480. In applying this standard to an offer of early retirement,
a plaintiff who has accepted an employer’s offer to retire can be said to have been constructively discharged when the offer pre *483 sented was, at rock bottom, “a choice between early retirement with benefits or discharge without benefits,” or, more starkly still, an “impermissible take-it-or-leave-it choice between retirement or discharge.”
Vega, 3 F.3d at 480.
In the case before us, the Board of Trustees voted on September 28,1992, to offer the SERP to all five eligible employees. One day later, Jarvenpaa was informed that he would be fired if he did not accept the retirement package. He was specifically threatened with loss of health insurance benefits if he waited to be fired. From these facts, a reasonable jury could conclude that Jarvenpaa was in fact forced to retire and that his termination was not voluntary. A statement by an employer that the employee might be discharged, with a consequent loss of benefits, creates a contested issue of material fact regarding constructive discharge even if the employee accepts an early retirement offer; a reasonable person, faced with a loss of benefits if he waits to be discharged rather than accept retirement, might well feel compelled to resign. Downey v. Southern Natural Gas Co. (5th Cir. 1981), 649 F.2d 302, 305.
The employer makes much of the fact that Jarvenpaa’s lump sum benefit under the SERP was considerably greater than his entitlement if he were terminated. However, there is no indication in the record that Jarvenpaa was offered any greater benefits than any of the other employees eligible for the SERP. Furthermore, these benefits were substantially less than Jarvenpaa asserts he would have received if he had been allowed to continue working until his normal retirement, a choice which he did not have.
The problem with the employer’s argument is the same as that encountered in age discrimination cases; it would permit an employer to escape the consequences of age discrimination or, in this case, alleged wrongful discharge, by .presenting an employee with a Hob-son’s choice of being fired or of taking the retirement package offered. The employer can thus rid itself of what it perceives to be a problem employee without having to account for its action. While the amount of the retirement benefit which he received is relevant to the amount of damages due to Jarvenpaa if he succeeds in this lawsuit, it is not determinative of whether his termination was voluntary or not. “The fact that [the employee], when confronted with the retire-or-be-fired choice, bargained for all that he could get in the way of benefits simply does not change the fact that this was, at bottom, a forced retirement, not a voluntary one.” Hebert, 872 F.2d at 1113.
*484 One point that needs to be kept in mind is that we do not decide here whether Jarvenpaa will prevail on his wrongful discharge claim. We do not decide whether Glacier’s actions to terminate him were wrongful. That is for the trier of fact to decide. What we do decide here is that the circumstances in this case constitute a discharge, rather than a voluntary termination of employment, and therefore Jarvenpaa’s case is sufficient to survive a motion for summary judgment.
We reverse the District Court’s grant of summary judgment and remand for proceedings consistent with this Opinion.
JUSTICES GRAY, HUNT and TRIEWEILER concur.