No. 96-645

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997


DON MacMILLAN,

Plaintiff and Appellant,

v.

STATE COMPENSATION
INSURANCE FUND, et al.,

Defendants and Respondents.



APPEAL FROM:   District Court of the First Judicial District,
In and for the County of Lewis and Clark,
The Honorable Thomas C. Honzel, Judge presiding.


COUNSEL OF RECORD:

For Appellant:

Tom L. Lewis and Andrew D. Huppert; Lewis, Huppert & Slovak,
Great Falls, Montana

For Respondents:

Jacqueline T. Lenmark and P. Keith Keller; Keller, Reynolds, Drake,
Johnson & Gillespie, Helena, Montana



Submitted on Briefs: June 26, 1997

Decided:   October 28, 1997
Filed:


_____
Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

Don MacMillan (MacMillan) appeals from the judgment entered by the First Judicial District Court, Lewis and Clark County, on its order granting the motion for summary judgment filed by the State Compensation Insurance Fund, the State of Montana and Carl Swanson (collectively, the State Fund). We reverse and remand.

The dispositive issue on appeal is whether the District Court erred in concluding that MacMillan does not have a cause of action under the Wrongful Discharge from Employment Act and, on that basis, in granting summary judgment to the State Fund.

BACKGROUND

In 1989, the Montana legislature created the State Compensation Mutual Insurance Fund, a nonprofit, independent public corporation and domestic mutual insurer statutorily required to provide workers' compensation insurance coverage to any Montana employer requesting such coverage. Patrick J. Sweeney (Sweeney) was appointed executive director of the new State Fund. Sweeney hired MacMillan to serve as vice president of the benefits department and MacMillan assumed that position on December 18, 1989. Carl Swanson (Swanson) replaced Sweeney as executive director in 1993. In April of 1994, Swanson terminated MacMillan from his position as vice president of benefits.

MacMillan subsequently filed a complaint in District Court alleging causes of action under the Montana Wrongful Discharge from Employment Act (WDEA) and 42 U.S.C. õ 1983 (õ 1983). The State Fund moved for summary judgment on several bases and the District Court granted the motion, concluding that MacMillan does not have a cause of action under either the WDEA or õ 1983. Judgment was entered accordingly and MacMillan appeals only that part of the District Court's order which concluded that he could not bring a cause of action under the WDEA.

STANDARD OF REVIEW

Our standard in reviewing a district court's summary judgment ruling is de novo; we use the same Rule 56, M.R.Civ.P., criteria as the district court. Clark v. Eagle Systems, Inc. (1996), 279 Mont. 279, 283, 927 P.2d 995, 997 (citations omitted). The party seeking summary judgment must establish both the absence of any genuine issue of material fact which would allow the nonmoving party to recover and entitlement to judgment as a matter of law. Rule 56(c), M.R.Civ.P.; Clark, 927 P.2d at 997-98 (citations omitted).

In this case, MacMillan does not argue that there are genuine issues of material fact precluding summary judgment, but only that the District Court erred in concluding that the State Fund was entitled to summary judgment as a matter of law. We review a district court's conclusions of law to determine whether those conclusions are correct. Albright v. State, by and Through State (Mont. 1997), 933 P.2d 815, 821, 54 St.Rep. 132, 136 (citation omitted).

DISCUSSION

Did the District Court err in concluding that MacMillan does not have a cause of action under the WDEA and, on that basis, in granting summary judgment to the State Fund?

The WDEA is set forth in Title 39, Chapter 2, Part 9 of the Montana Code Annotated (MCA). It generally provides the exclusive remedy for an employee's claim of wrongful discharge from employment. Section 39-2-902, MCA. With the exception of express exemptions, the WDEA applies by its terms to all wrongful discharges from employment in Montana, including discharges from so-called "at will" employment which otherwise could be terminated for any reason. Section 39-2-902, MCA; Jarvenpaa v. Glacier Elec. Co-op., Inc. (1995), 271 Mont. 477, 480, 898 P.2d 690, 692. The two statutory exemptions from application of the WDEA are for discharges subject to any other state or federal statute providing a remedy or procedure for contesting the dispute and discharges of employees covered by collective bargaining agreements or written employment contracts for a specific term. Section 39-2-912, MCA. It is undisputed that the exemptions do not apply in this case and, therefore, that nothing in the WDEA itself precludes MacMillan from bringing a wrongful discharge claim against the State Fund under the WDEA.

The State Fund argued, however, that the statutes which created the State Fund provide that the management staff of the State Fund "serves at the pleasure of the executive director" and, as a result, that MacMillan retained no employment rights and could not bring an action under the WDEA. The District Court agreed, essentially concluding that the phrase "serves at the pleasure of the executive director" contained in õ 39-71-2317, MCA, created a new exemption from the WDEA which precludes a management level employee of the State Fund from proceeding with a wrongful discharge claim thereunder. MacMillan contends that the District Court's interpretation of õ 39-71-2317, MCA, is erroneous and we agree.

Section 39-71-2317, MCA, provides as follows:

The board [of directors] shall appoint an executive director of the state fund who has general responsibility for the operations of the state fund. The executive director must have executive level experience, with knowledge of the insurance industry. The executive director must receive compensation as set by the board and serve at the pleasure of the board. The executive director may hire the management staff of the state fund, each of whom serves at the pleasure of the executive director.

Nothing in the õ 39-71-2317, MCA, phrase "serves at the pleasure of the executive director" states or otherwise suggests in any way that management staff of the State Fund are exempt from application of the WDEA. Indeed, õ 39-71-2317, MCA, which is part of Montana's Workers' Compensation Act, contains no reference to the WDEA which, as discussed above, expressly lists the exemptions from its applicability. Thus, on its face, õ 39-71-2317, MCA, does not contemplate a new exception to--or exemption from-- application of the WDEA.

Notwithstanding, the State Fund urges this Court to interpret the undefined phrase "serve at the pleasure of" to mean that the State Fund executive director has the authority

to terminate the management staff of the State Fund with absolute freedom and without the "good cause" generally required to prevent a discharge from employment from being "wrongful" under the WDEA. See õ 39-2-904(2), MCA. It advances several arguments in support of such an interpretation.

First, the State Fund directs our attention to õ 2-15-111(3), MCA, which authorizes the governor to appoint the directors of executive branch departments and provides that department directors "serve at the pleasure of the governor." The State Fund asserts that, just as õ 2-15-111(3), MCA, grants the governor the flexibility to create a management staff that best meets his or her management style and needs, so, too, does õ 39-71-2317, MCA, provide that necessary flexibility to the State Fund's executive director.

The State Fund's reliance on the "serve at the pleasure" language in õ 2-15-111(3), MCA, is misplaced. Neither the mere appearance of the phrase at several places in the MCA nor any case law supports the State Fund's argument that "serve at the pleasure of" creates an exemption from WDEA applicability. Moreover, the State Fund's reliance on õ 2-15-111(3), MCA, ignores the remainder of that statute, which provides that "[t]he governor may remove a director at any time and appoint a new director to the office." Indeed, in another Montana statute containing the phrase "serve at the pleasure of," the legislature has added "terminate . . . without any cause" language to "serve at the pleasure" language to reflect an intent to expressly authorize termination of an employee without cause. See õ 7-32-221, MCA. If "serve at the pleasure of" means that the employer may terminate the employee without cause, the additional language in õõ 2-15-111(3) and 7-32-221, MCA, is mere surplusage. Section 39-71-2317, MCA, the statute at issue here, contains neither the "may remove" language in õ 2-15-111(3), MCA, nor the "terminate without any cause" language in õ 7-32-221, MCA, and this Court may not insert into a statute language which has been omitted by the legislature. See õ 1-2-101, MCA.

The State Fund also contends that the District Court's conclusion that State Fund management staff retain no employment rights and are exempt from the provisions of the WDEA is buttressed by the fact that State Fund employees are exempt from certain state personnel policies pursuant to õ 2-18-103, MCA (1993). We disagree.

Section 2-18-103, MCA (1993), provides that the executive director and employees of the State Fund--together with other enumerated positions in state government--are not covered by specified statutory state personnel policies. The statutory personnel policies referenced in õ 2-18-103, MCA (1993), are limited to those contained in Parts 1 and 2 of Chapter 18 of Title 2; they do not relate to the question of whether a particular

state
employee has a right to bring an action under the WDEA for wrongful discharge.

Furthermore, the exemption from certain personnel policies for enumerated state employees reflects that the legislature is well aware of how to create exemptions from, or exceptions to, the applicability of other statutes.  It is presumed that the legislature has full knowledge of existing laws.  Thiel v. Taurus Drilling Ltd. 1980-II (1985), 218 Mont. 201, 207, 710 P.2d 33, 36.  Thus, if, in acting with full knowledge of the provisions of the WDEA, the legislature had intended to create an exemption from or exception to the applicability of the WDEA for State Fund management staff, it would have done so expressly.  See, e.g., Williams v. Selstad (1988), 235 Mont. 137, 140, 766 P.2d 247, 248-49.  Section 39-71-2317, MCA, does not contain either an express exemption from the WDEA or language specifically stating that State Fund management staff may be terminated without cause and, absent such express language, the phrase "serve at the pleasure of" does not confer upon the State Fund executive director the authority to terminate management staff without cause.  We conclude that the phrase "serves at the pleasure of" contained in õ 39-71-2317, MCA, means only that the State Fund's executive director may hire and retain the management staff of his or her choice without interference from the board of directors.

Next, the State Fund generally asserts that the creation of the State Fund as an independent corporation existing as a domestic mutual insurer, subject to the same regulations and operating modes as private insurers in Montana, advances its argument that õ 39-71-2317, MCA, authorizes the executive director to terminate the employment of a member of the management staff without the employee having recourse to the WDEA.  The State Fund presents no supporting analysis under either the private insurance corporation statutes set forth in Title 33, Chapter 3 of the MCA, or the general business corporation statutes set forth in Title 35, Chapter 1 of the MCA, however, and, as a result, we do not address its general assertions.

Finally, the State Fund argues that the legislative history of õ 39-71-2317, MCA, reflects that the legislature intended the "serve at the pleasure of" language to exempt the State Fund management staff from the provisions of the WDEA. "Th[is] Court properly refers to legislative history only when intent cannot be determined from the content of the statute."  Dorn v. Bd. of Trust. of Billings Sch. Dist. (1983), 203 Mont. 136, 144, 661 P.2d 426, 430.  Moreover, our role in interpreting a statute is simply to ascertain what is in terms or in substance contained within that statute, neither omitting what has been inserted nor inserting what has been omitted by the legislature.  Section 1-2-101, MCA.

As discussed above, when the legislature intends to authorize termination without cause

or to provide for an exception to, or exemption from, an otherwise applicable statute, it manifests that intent clearly in express terms.  Section 39-71-2317, MCA, does not contain such express language manifesting an intent by the legislature to exempt State Fund management staff from the provisions of the WDEA or to provide that management staff may be terminated without cause, and this Court cannot insert such language. Because we can determine from the content of õ 39-71-2317, MCA, that the legislature did not intend to authorize the termination of State Fund management staff without cause, we may not resort to an examination of its legislative history in addressing the issue before us.

We conclude that õ 39-71-2317, MCA, does not exempt State Fund management staff from the applicability of the WDEA or authorize the executive director of the State Fund to terminate management staff without "good cause" as defined in the WDEA.  As a result, we further conclude that the State Fund failed to establish its entitlement to judgment as a matter of law regarding MacMillan's claim under the WDEA.  We hold, therefore, that the District Court erred in concluding that MacMillan does not have a cause of action under the WDEA and, on that basis, in granting summary judgment to the State Fund.

Reversed and remanded for further proceedings consistent with this opinion.


/S/   KARLA M. GRAY



We concur:

/S/   JAMES C. NELSON
/S/   WILLIAM E. HUNT, SR.
/S/   TERRY N. TRIEWEILER
/S/   W. WILLIAM LEAPHART