JUSTICE GRAY,
concurring in part and dissenting in part.
¶32 I concur in the result reached by the Court on issue one, but not in all that is said in that regard. I concur entirely in the Court’s opinion on issue two. I respectfully dissent from the Court’s opinion on issue three.
¶33 Before addressing my disagreements with portions of the Court’s opinion, it is appropriate to comment on EFIC’s reliance on the District Court’s determination that § 33-18-242, MCA, “was enacted for the purpose of governing all bad faith claims.” The court’s determination may be correct; that is, the Legislature may well have intended to govern all “bad faith” claims by enacting § 33-18-242, MCA. If that was the Legislature’s intent, however, it failed to accomplish that purpose with the plain language it used, as the Court’s analysis points out.
¶34 It is beyond dispute that, in ascertaining the Legislature’s intent, we are bound by plain and unambiguous language used in a statute and may not consider legislative history or any other means of statutory construction. See, e.g., MacMillan v. State Compensation Ins. (1997), 285 Mont. 202, 208, 947 P.2d 75, 78 (citation omitted). The Legislature clearly created the independent action under § 33-18-242(1), MCA, for both insureds and third-party claimants. It then clearly provided that “[a]n insured may not bring an action for bad faith in connection with the handling of an insurance claim[,]” but did not enact a corresponding prohibition for third-party claimants such as Brewington. See § 33-18-242(3), MCA. At the same time, the Legislature demonstrated its awareness of how to create separate and distinct requirements for insureds and third-party claimants when it created different provisions for the two categories of claimants vis-a-vis when the statutory action could be brought and what statute of limitations would govern. See § 33-18-242(6) and (7), MCA. The fact is that — whatever its purpose in enacting the statutory cause of action — the Legislature used plain and unambiguous language in § 33-18-242, MCA, and did not prohibit common law bad faith actions against insurers by third-party claimants. We may not insert into a statute what the Legislature has omitted. Section 1-2-101, MCA.
*252 ¶35 Moving to the Court’s opinion on issue one, I agree with the result reached, which is that § 33-18-242, MCA, does not bar Brewington’s third-party common law bad faith claim against EFIC. My disagreement is with the Court’s brief discussion of Grenz. I agree we held in Grenz that, under § 33-18-242, MCA, a third-party claim could not be brought prior to resolution of the underlying claim by settlement or judgment. I disagree that we held the same to be true regarding a common law bad faith claim. Grenz is not particularly clear in this regard due, perhaps, to the fact that the claimant therein was proceedingpro se. See Grenz, 243 Mont. at 487, 795 P.2d at 444. A close reading of our opinion, however, discloses that the claim had been brought — and dismissed — pursuant to § 33-18-242, MCA. In discussing the standards applicable to Rule 12(b)(6) dismissals, for example, we noted the district court’s correct observation that dismissal may be appropriate “in the light of a specific statute relating to the claim[.]” Grenz, 243 Mont. at 490, 795 P.2d at 446. More pointedly, we set forth the language of § 33-18-242(6)(b), MCA, that a third-party claimant could not file an action under that section until the underlying claim was settled or a judgment entered in claimant’s favor, and “conclude[d] that the District Court properly dismissed Mr. Grenz’[s] complaint based upon the foregoing statute.” See Grenz, 243 Mont. at 491, 795 P.2d at 447. Thereafter, we made a passing reference to Vigue and Hayes, but it is my view that our decision was based on the statute and did not include a holding that a third-party bad faith claim against an insurer for improper adjusting could not be filed until after the underlying claim had been settled or resolved by a judgment in the claimant’s favor.
¶36 I recognize that — on a stand-alone basis — this is a relatively minor disagreement with the Court’s opinion on issue one. However, it leads directly to my disagreement with the Court’s opinion on issue three and the reasons for my dissent from that portion of the opinion. ¶37 With regard to issue three, then, I agree that § 27-2-102(2), MCA, sets forth the proper standard for determining when the three-year statute of limitations began to run on Brewington’s claims. The Court’s application of that statute to Brewington’s two claims is brief and somewhat conclusory, however, and, with regard to the wrongful reduction of benefits claim, without citation to authority. Its conclusion that Brewington’s claim existed — that is, that § 27-2-102(2), MCA, was satisfied — in 1987 when the Workers’ Compensation Court entered judgment in his favor restoring his total dis *253 ability benefits apparently is based on Grenz, which — according to the Court’s observation regarding the attorney fees claim — "in turn relied on Hayes and Vigue." That is where my problem lies with the Court’s analysis of when Brewington’s claims accrued.
¶38 As noted above, it is my view that Grenz was resolved pursuant to the language set forth in § 33-18-242(6)(b), MCA, and not on any basis relating to the common law bad faith action. Without regard to the actual basis for our holding there, however, the Hayes- and Vigue-related language in Grenz is simply incorrect and, as a result, cannot serve as the basis for the Court’s conclusions on issue three in the present case. We said in Grenz that “[a]s stated in Vigue and Hayes an independent action may lie after the underlying claim has been settled or a judgment entered in [the claimant’s] favor.” Grenz, 243 Mont. at 491, 795 P.2d at 447. We did not cite to any portion of Vigue or Hayes, however, and the fact is that neither Vigue nor Hayes contains such a statement. The sole issue in those cases was whether a third-party claimant could bring a separate action against an insurer in district court for the commission of intentional torts during the adjusting of a workers’ compensation claim. See Hayes, 187 Mont. at 151, 609 P.2d at 259; Vigue, 187 Mont. at 3, 608 P.2d at 489. We did not address — either expressly or implicitly — the issue of when such an action accrues under § 27-2-102(2), MCA, or otherwise. Therefore, it does not appear to me that precedent exists with regard to when Brewington’s third-party common law bad faith claims accrued.
¶39 Absent such precedent, we must apply § 27-2-102(2), MCA, according to its terms. In this regard, I agree with the Court that the elements of Brewington’s claim based on wrongful reduction of benefits accrued on April 27, 1987, when the Workers’ Compensation Court entered judgment in his favor which restored total disability benefits. As a matter of both common sense and § 27-2-102(2), MCA, no claim for wrongful reduction of benefits could have accrued prior to a judgment in Brewington’s favor on the benefits issue in the Workers’ Compensation Court because no wrongful act had been established.
¶40 Applying the same analysis to Brewington’s bad faith claim relating to attorney fees mandates a conclusion opposite to that reached by the Court. Taking the allegations of Brewington’s complaint in this case as true, the Workers’ Compensation Court on June 4,1987, ordered the insurer to pay attorney fees in the amount of 40% of Brewington’s future biweekly benefits as those benefits were received. The order was not appealed. EFIC apparently paid the bi *254 weekly benefits, but did not comply with the court’s order on attorney fees from the time of the order until February 22, 1996, despite demands that it do so. Under these facts, it is my opinion that Brewington’s bad faith claim for wrongful refusal to pay the attorney fees accrued at the time the first biweekly benefits were received without the corresponding payment of the ordered attorney fees; that is, the claim accrued when the insurer first refused to comply with the Workers’ Compensation Court’s order on attorney fees. At that point, the insurer’s obligation to pay the fees had been established and the insurer’s failure to meet that obligation became wrongful. The damage to Brewington also occurred at that time. Therefore, in terms of § 27-2-102(2), MCA, the elements of Brewington’s common law bad faith claim based on wrongful refusal to pay the ordered attorney fees existed at that time, his right to maintain an action was complete, and a court was authorized to accept jurisdiction of the action.
¶41 The final step in the analysis, of course, is to apply the three-year tort statute of limitations contained in § 27-2-204, MCA, to Brewington’s claim. That claim having accrued almost immediately after June 4, 1987, the three years during which Brewington could timely file his bad faith claim based on the wrongful refusal to pay the ordered attorney fees elapsed in the summer of 1990. Brewington filed his action in February of 1998, and, as a result, that claim was not timely under § 27-2-204, MCA.
¶42 I would conclude that both of Brewington’s third-party common law bad faith claims were barred by the applicable statute of limitations and, on that basis, I would affirm the District Court’s dismissal of his complaint. I dissent from the Court’s refusal to do so.
CHIEF JUSTICE TURNAGE:
¶43 I join in Justice Gray’s dissent as to Issue 3 only.