JUSTICE RICE
dissenting.
¶45 Vacating D.V.’s commitment is not only unnecessary by reason of his mother’s service as his “friend,” but such relief has not even been requested by D.V. Further, it is not this Court’s role to add its own requirements to the statute governing appointment of a “friend.” Therefore, I dissent.
¶46 D.V. argues that his mother should not have been appointed as his “friend” and as a consequence urges that “her opinion should not be considered” by this Court. His only other request is that “[fjuture commitment cases should make certain that the appointed Friend, although apparently not needing any qualifications of any kind, certainly should be an objective party.” He does not ask that his commitment be vacated.
¶47 And for good reason. D.V. has presented no evidence or argument that he was prejudiced by his mother’s participation in the commitment proceeding, and indeed, no prejudice to D.V. can be drawn from this record. To the contrary, the record here screams out the necessity of D.V.’s commitment, and any conflict of interest between D.V. and his “friend” clearly did not affect the outcome of the commitment hearing. D.V.’s counsel decided to abort the trial without any testimony having been given by D.V.’s mother, because the District Court had excluded it. Any objectively unbiased “friend” who may have been appointed could not have come to any other reasonable conclusion but that D.V.’s commitment was abundantly necessary. As well described by the Court’s opinion, D.V.’s lack of competence was undisputable, given his behavior prior to and during trial.
¶48 “This Court has repeatedly stated that a district court’s decision will not be reversed or remanded when the eventual result of the case would be the same without the error.” In re S.C., 264 Mont. 24, 30, 869 P.2d 266, 269 (1994) (citation omitted). “It is well established that no civil case shall be reversed by reason of error which would have no significant impact upon the result; if there is no showing of substantial injustice, the error is harmless.” In re C.B. & J.B., 2001 MT 42, ¶ 16, 304 Mont. 252, ¶ 16, 20 P.3d 117, ¶ 16 (citation and internal quotations omitted). There being no question that the result here would have been the same even with a different “friend,” we should not vacate D.V.’s commitment.
¶49 Secondly, the Court urges the Legislature to review Title 53, Chapter 21, in order to designate qualifications and guidelines in selecting individuals to act as “friends” in commitment cases. I agree *331 with the Court’s recommendation to the Legislature. However, the Court then proceeds without legislative participation and inserts its own requirement that a “friend” must have no conflicts of interest. Merely because the Legislature did not provide guidelines for appointing a “friend” does not mean it is this Court’s duty or prerogative to insert them. “[0]ur role in interpreting a statute is simply to ascertain what is in terms or in substance contained within that statute, neither omitting what has been inserted nor inserting what has been omitted by the legislature.” MacMillan v. State Compensation Ins. Fund, 285 Mont. 202, 208, 947 P.2d 75, 78 (1997) (emphasis added) (citing § 1-2-101, MCA).
¶50 The Court should be mindful of the function served by the “friend.” The “friend” is not the respondent’s legal counsel, but, rather, is designed to serve a very different purpose. A “friend” must be “willing and able to assist a person suffering from a mental disorder,” may be “the next of kin” and is selected in consideration of the respondent’s preferences. Section 53-21-102(8), MCA (2003). The “friend” is supposed to help the respondent through the process, including consultations with legal counsel and other professionals, and past familiarity with the respondent is encouraged. Section 53-21-102(8), MCA (2003). However, there will be few “next of kin” who, though able to assist a respondent, do not carry the “taint” of foreknowledge or previous involvement with a respondent. It is unwise for the Court to impose restrictions without proper consideration of the unique role to be fulfilled by the “friend” and the difficult position in which a commitment proceeding may place the respondent’s next of kin who are called upon to help the respondent, whose rights are no doubt the priority. There are rarely easy solutions, and I would await the Legislature’s study and action on this matter.
¶51 I dissent.
JUSTICE WARNER and JUSTICE MORRIS join the dissenting opinion of JUSTICE RICE.