MEMORANDUM *
Education Logistics and Logistics Management, Inc. (“Edulog”) appeal from the grant of summary judgment to Laidlaw Transit, Inc. in this action arising from a claimed breach of a 1992 contract (“the *743 Agreement”) to license software for routing student bus transportation services. Reviewing de novo, we affirm in part, reverse in part, and remand for further proceedings.
The district court concluded that the parties’ duty to promote and facilitate each other’s business, contained in Section 2.3.3 of the Agreement, did not survive the termination of the exclusive license in 1997. The court based its conclusion primarily on a specific reference within Section 2.2, the exclusive license provision, subjecting it to Section 2.3, and the absence of such a reference in the non-exclusive license provision, Section 2.1. Interpreting the agreement as a matter of law, we conclude the promotion duty survives the exclusive license period. Nothing in Section 2.3.3 explicitly or implicitly provides that the promotion duty applies only to the exclusive license provision; correspondingly, the non-exclusive license provision, Section 2.1, does not provide that it is exempt from the promotion duty provision. See Mont.Code Ann. § 28-3-303. When read as a whole, the Agreement does not require a specific reference to another provision in order for that provision to affect obligations within the provision being interpreted. See Mont. Code Ann. § 28-3-202.
Further, while Section 2.3 includes the duty to promote under Section 2.3.3, it also contains other duties, for example the “no contact” duty under Section 2.3.2 and the “avoid conflicts” and “prevent breaches by agents” duties under Section 2.3.3. Common sense and a plain reading of the Agreement dictate that these core duties— which are not provided for elsewhere in the Agreement — would continue during the perpetual non-exclusive license period. Consequently, interpreting Section 2.2 to require the termination of the Section 2.3.3 promotion duty would force an unnatural reading of the remainder of Section 2.3. See Mont.Code Ann. § 28-3-307. We conclude that summary judgment in favor of Laidlaw is not warranted on the basis articulated by the district court, namely that the promotion duty claims accrued following the exclusive license period.
Section 23.0 provides that the Agreement “shall be governed by any applicable provisions” of the Montana Uniform Commercial Code (“MUCC”) “[ejxcept to the extent that the provisions of this Contract are clearly inconsistent” with that application. We agree with the district court that the MUCC’s four-year statute of limitations applies. See Mont.Code Ann. § 30-2-725.
The parties’ intention that the MUCC governs whenever applicable is clear from the language of the contract alone. See Mont.Code Ann. § 28-3-303. Additionally, the MUCC’s limitations provision governing contracts for sale serves as a more specific provision than Montana’s eight-year limitations provision for contracts generally. See Mont.Code Ann. § 1-2-102; 27-2-202; 30-2-7205; see also, e.g., In re MSR Exploration Ltd., 147 B.R. 560, 568 (Bkrtcy.D.Mont.1992). The Section 23.0 language designating the MUCC as governing law is explicit, and does not involve an absurdity. See Mont.Code Ann. § 28-3-401; Ophus v. Fritz, 301 Mont. 447, 11 P.3d 1192, 1196 (2000). Edulog’s claim that a substantive provision offering relief under the MUCC must be identified before the MUCC’s statute of limitations provision may be applied is unsupported. Application of the MUCC limitations provision is not “clearly inconsistent” with the provisions of the Agreement, and thus the MUCC four-year statute of limitations applies.
Edulog filed this suit on January 11, 2007. Following summary judgment on the promotion duty, the district court concluded that all of Edulog’s remaining claims accrued before January 11, 2003, *744 and granted summary judgment to Laid-law on statute of limitations grounds. We agree that the record is replete with evidence that a number of alleged breaches of the Agreement occurred well before January 2003. Although discovery is not required to trigger the MUCC limitations period, it bears noting that there is also ample evidence Edulog was aware of these potential breaches long before January 2003. See Mont.Code Ann. § 30-2-725(2). However, the district court does not appear to have considered whether new breaches for which Edulog may recover may have occurred within the limitations period. The Agreement is properly characterized as a contract with continuing obligations capable of distinct and separate breaches. See Minidoka Irrigation Dist. v. Dep’t of Interior, 154 F.3d 924, 926 (9th Cir.1998). For example, Laidlaw’s duty to pay royalties arises whenever a “New Bus” enters service. Laidlaw, which has continued to perform under the Agreement, has not demonstrated a total repudiation of the Agreement. Edulog, on the other hand, has submitted evidence raising a genuine issue of material fact whether Laidlaw has engaged in new breaches of the contract since January 11, 2003. Summary judgment was not appropriate for breaches Edulog alleges occurred since that date. See Sands v. Nestegard, 198 Mont. 421, 646 P.2d 1189, 1193 (1982). We affirm the grant of summary judgment as to all claims accruing prior to January 11, 2003, including promotion duty claims, and reverse and remand for further proceedings as to claims accruing on or following that date.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED. Each party shall pay its own costs on appeal.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.