**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

EDUCATION LOGISTICS, INC. and
LOGISTICS MANAGEMENT, INC.,

      Plaintiffs-Appellants/Cross-Appellees,

  v.

LAIDLAW TRANSIT, INC.,

      Defendant-Appellee/Cross-Appellant.

Nos. 13-35264, 13-35323

D.C. No. 9:07-cv-00006-DWM

MEMORANDUM*

Appeal from the United States District
Court for the District of Montana
Donald W. Molloy, District Judge, Presiding.

Argued and Submitted June 6, 2014
Seattle, Washington

Before: McKEOWN and WATFORD, Circuit Judges, and ROTHSTEIN, Senior
District Judge.**

      This case concerns an action for breach of a contract (the "Agreement")

between Plaintiff Education Logistics, Inc. ("Edulog") and Defendant Laidlaw

Transit ("Laidlaw"). The parties are familiar with the facts. The district court

---

* This disposition is not appropriate for publication and is not precedent except as
provided by 9th Cir. R. 36-3.

** The Honorable Barbara Jacobs Rothstein, Senior District Judge for the U.S.
District Court for the Western District of Washington, sitting by designation.

upheld the jury's verdict in favor of Edulog, but reduced the damages award on the grounds that certain damages were barred by a contractual limitation on liability and other damages were duplicative. Both parties appeal.[3] For the reasons given below, we conclude that the district court's reductions should be vacated and the original jury verdict should be reinstated.

**I. Lost Annual License Maintenance Fees Award**

For breach of Laidlaw's contractual duty to promote Edulog's software, the jury awarded Edulog various lost profits, including lost license fees, lost royalties, and lost annual license maintenance fees. The district court found that the license fees and royalties were recoverable, but the annual license maintenance fees were barred by Section 13 of the Agreement, which reads:

> LAIDLAW SHALL NOT BE LIABLE FOR INCIDENTAL, SPECIAL, OR CONSEQUENTIAL DAMAGES INCLUDING, BUT NOT LIMITED TO, COMMITMENTS TO SUBCONTRACTORS, RENTAL OR LEASE AGREEMENTS, AND PERSONAL SERVICE CONTRACTS, UNLESS EXPRESSLY AUTHORIZED IN WRITING BY LAIDLAW.

---

[3] Laidlaw also requests reversal of an earlier decision by a merits panel in this case. *See Education Logistics, Inc. v. Laidlaw Transit, Inc.*, 390 Fed. Appx. 742 (9th Cir. 2010). Because Laidlaw has not shown that the prior decision was "clearly erroneous . . . and its enforcement would work a manifest injustice," the law of the case doctrine controls. *See United States v. Jingles*, 702 F.3d 494, 502-03 (9th Cir. 2012) *cert. denied*, 133 S. Ct. 1650 (2013).

We review *de novo* a trial court's decision on a motion for judgment as a matter of law, viewing the evidence in the light most favorable to the non-moving party and "draw[ing] all inferences in favor of the verdict." *Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 970 (9th Cir. 2013) *cert. denied*, 134 S. Ct. 644 (2013).

Although the Agreement makes no express mention of annual license maintenance fees, the jury's findings of fact indicate that the lost annual license maintenance fees, like the lost license fees and royalties, were "the natural, necessary and logical consequence of the wrong or breach." *Byrum v. Andren*, 159 P.3d 1062, 1075 (Mont. 2007) (defining "general damages").[4]

The jury was instructed to award the injured party "those damages naturally arising from the breach, or those damages which might have been reasonably contemplated or foreseen by both parties, at the time they made the contract, as the probable result of the breach." The jury specifically awarded "lost annual license maintenance fees." Thus the jury necessarily found that both parties "reasonably contemplated or fore[saw]" lost annual license maintenance fees as the "probable result" of Laidlaw breaching its duty to promote. Edulog offered evidence sufficient to support this finding.

---

[4] The parties stipulated that Montana law governs the contract.

Furthermore, lost annual license maintenance fees are not mentioned in the provision barring "incidental, special, or consequential damages," and the purpose of Laidlaw's contractual duty to promote – *i.e.*, providing Edulog with access to Laidlaw's customer base – would be thwarted if Edulog could not recover annual license maintenance fees in the event of a breach.

## II. Duplicative Damages

A district court's decision to grant or deny a motion to amend the judgment is reviewed for abuse of discretion. *Floyd v. Laws*, 929 F.2d 1390, 1400 (9th Cir. 1991). The District Court deemed a $70,000 award for "lost perpetual license fees" to be duplicative of the award for lost full license fees. We disagree. Though it would have been duplicative to award a lost perpetual license fee and a lost full license fee for the same customer, the jury could have awarded one type of fee for some customers and another for others. Because nothing in the record or the amounts of the awards would suggest that the lost perpetual license fees were duplicative, the district court's reduction was an abuse of discretion.

## III. Testimony of Edulog's Expert

A district court's decision to admit expert testimony is reviewed for abuse of discretion. *Jinro Am. Inc. v. Secure Investments, Inc.*, 266 F.3d 993, 1001 (9th Cir. 2001). The district court did not abuse its discretion in admitting testimony from

4

Edulog's expert. The testimony was not misleading or wholly unsupported by the facts. Any flaws went to the weight rather than the admissibility of the testimony.

**IV. Sufficiency of the Evidence**

The jury's award is upheld if substantial evidence supports the award. *E.E.O.C. v. Go Daddy Software, Inc.,* 581 F.3d 951, 961 (9th Cir. 2009). Edulog presented sufficient evidence of causation for the jury to find Laidlaw liable, and sufficient detail on the amount of lost fees and royalties for the jury to calculate damages with reasonable certainty.

For the reasons given above, we reverse the district court's decision with respect to lost annual license maintenance fees and lost perpetual license fees, and affirm the remainder of the decision. The original jury award shall be reinstated in its entirety, and Edulog is awarded costs on appeal.

**AFFIRMED IN PART AND REVERSED IN PART.**

Educ. Logistics, Inc. v. Laidlaw Transit, Inc., No. 13-35264+

FILED

JUL 14 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

WATFORD, Circuit Judge, dissenting in part:

      I would affirm the judgment below in full for the reasons well stated by the district court in its order ruling on the post-trial motions.